### SMITH et al. *v.* MAYER et al.

1. In the trial of a cause the jury are to *hear* the testimony; an inspection is allowed only in special cases, and generally only by the consent of both parties.

2. Regularly, when the burden of proof lies with the plaintiff, he should be required to develop his whole case in the opening. But it is within the discretion of the court, to receive in rebuttal evidence which in strictness ought to have been produced in chief.

3. When goods have been sold with a warranty of quality, and those delivered, though inferior to the stipulation, are retained by the vendee, the latter may either pay the price and have his action for the breach of warranty, or he may *recoup* his damages in the vendor's action for the price.

4. The measure of damages held in this case to be the difference between the value which the articles sold would have had in the market at the time of the sale and delivery, if they had corresponded with the guaranty, and their actual value with the defects.

*Error to Probate Court of Arapahoe County.*

THIS was an action of assumpsit commenced in the probate court of Arapahoe county, to recover the price of a lot of furniture sold and delivered. The declaration consisted of the common counts. Pleas, general issue, and a special plea that the furniture was warranted by plaintiffs to be first-class in material, quality and finish, but that the same was not first-class. That certain bedroom sets

should be dressing case suits, by the terms of the sale, but that they were furnished to defendants as bureau suits. That said goods were not finished in oil, and the lumber of which they were constructed was not seasoned and that the goods, in consequence, were badly warped and twisted.

Replication of plaintiffs, denying the averments of the special plea. On the trial, the witness Owen testified that he had been in the employ of the plaintiffs for four years, that he solicited an order from the defendants about the 30th of March, 1875; and sold them at that time a bill of goods, consisting of bedsteads, chamber sets, and center table. The amount of the sale was $1,546.66. It was understood that "the furniture should be equal to other factories, first-class work."

Upon his cross-examination, the witness Owen was asked the following question, which was objected to by the plaintiffs:

*Question*—At the time you sold these goods to the defendants, did they not tell you they had ordered goods from another factory; and did you not tell them that if they would countermand their order you would sell them the same kind of goods at lower figures?

Objection sustained and exception.

The delivery of the goods to the defendants having been shown, the plaintiffs rested.

The defendant gave in evidence the following guaranty:

"DENVER, Col., *March* 31, 1875.

I, agent for F. Mayer & Co., guarantee to Smith & Doll that the furniture I send to them shall be all first-class lumber, well seasoned, and goods well finished with oil finish.

"E. L. OWEN, *Agent.*"

The defendants proved that they ordered the goods upon the foregoing statement. This was followed by testimony going to show that the goods did not correspond with the warranty, and were defective as alleged in the special plea of the defendants. In rebuttal the plaintiff introduced sev-

eral depositions of witnesses and experts, who had examined the goods in question, who deposed as to the quality of the goods, of their being properly finished, and in compliance with the requirements of the guaranty; besides a number of letters which had passed between the parties to the action, concerning the matters in controversy, to all which objections were made and exceptions reserved by the defendants. The defendants also offered to exhibit samples of the goods to the jury, to which the plaintiffs objected, the objection was sustained and the defendants excepted.

Among other instructions to the jury, the court of its own motion gave the following, upon which error is assigned:

"The jury are instructed that the true measure of damages (if you find such damage) is the difference between the value which the furniture sold would have had at the time of the sale and delivery in Denver, if it had been such as corresponded with the guaranty, and its actual value, with the defects shown in the quality, kind of material, and finish of the furniture, if you find such defects, and the sum when so found by you (if you shall find any), you shall deduct from the contract price, in making up your verdict."

The jury returned a verdict against the defendants for $1,314.56. A motion for a new trial having been overruled, judgment was entered on the verdict, and the cause was brought into this court on writ of error.

Messrs. THOMAS & HEREFORD, and Messrs. SYMES & DECKER, for plaintiffs in error.

Messrs. HUGHES & WELBORN, and Mr. SAM P. ROSE, for defendants in error.

WELLS, J. 1. The question propounded to the witness Owen, upon his first cross-examination, was properly excluded.

VOL. III — 27

It related to matter entirely foreign to the issue, and which, so far as appears, could in no way affect the credit of the witness, or the measure of damages.

2. The refusal of the court to permit the jury to inspect the samples of furniture produced by the defendant was also entirely proper. The jury are to *hear* the testimony. An inspection is allowed only in special cases, and generally only by consent of both parties. The present case is within the rule and not within any exception.

3. If it be conceded that upon the issue touching the quality of the goods, the burden of proof lay with the plaintiffs, it would seem that regularly they should have put in their evidence to this in the opening. 1 Greenleaf's Ev., § 74; *Rees* v. *Smith,* 2 Stark. 30; *Ford* v. *Niles*, 1 Hill, 300; *Hastings* v. *Palmer*, 20 Wend. 226.

But it is always within the discretion of the court to receive in rebuttal, evidence which in strictness ought to have been produced in chief. *Philadelphia, etc., Railroad Co.* v. *Stimpson,* 14 Pet. 448; *Kansas Pacific Railroad Co.* v. *Miller,* 2 Col. 442.

Where, as in the present case, nothing appears to show that the objecting party was surprised or prejudiced by the course pursued, error cannot be assigned.

4. Where goods have been sold with a warranty of quality, and those delivered, though inferior to the stipulation, are retained by the vendee, the latter may either pay the price, and have his action for the breach of the warranty, or he may await the vendor's action for the price, and *recoup* his damages. All questions whether consequential damages may be the subject of *recoupment* being put aside, it is manifest that the same rule must measure the allowance to the vendee, whether he be plaintiff or defendant.

The instructions given by the court, of its own motion, follow the rule, which is almost uniformly prescribed by authority at this day. Sedgw. Dam. 286*–291*; Benj. on Sales, § 903, *n. d.*

It does not, as supposed by counsel, make the agreed price the measure of the value of the thing contracted for; nor as applied to the present case, does it at all differ in result from what I should think the more logical and natural formula contained in the instructions given on the prayer of the defendants.

Whether in a conceivable case, e. g., where the value of the thing contracted for at the time when delivery should have been made falls below the agreed price, justice does not require a modification of the rule as generally asserted, may well be questioned; in the case supposed, strict adherence to rule as given in the books, or that prescribed in the instructions given on the part of the defendants in the present case, will exact of the vendee (while deprived of the thing contracted for) more than the value of what he has received, as is susceptible of demonstration; in other words, the rule affords the vendor the benefit of the contract which he has broken. The question does not, however, arise upon the present record. As to the other points which are complained of in the charge of the court, no error is apparent, for whether right or wrong, it is inconceivable that they can have misled the jury.

5. The allowance to be made to the defendant for the breach of the warranty was dependent upon the credit to be accorded to the several witnesses; and we do not feel called upon to review the verdict in that respect.

No error appearing in the record, the judgment will be affirmed, with costs.

*Affirmed.*