FREDERICK S. DALE v. RAPHAEL G. SEE AND DANIEL J. SHEEHAN.

1. Upon a bailment of goods *locatio operis faciendi,* to do work upon them for a reward, the contract implied by law, that the work shall be done with due care and competent skill, arises immediately upon the delivery of the goods to the bailee, and, upon the completion of the work for which the bailment was made, it is the duty of the bailee to return the goods to the owner.

2. Stipulations or conditions qualifying or abridging the contract implied by law upon the bailment, to be valid and binding, must be contained in or made part of the original contract of bailment.

3. Notice by the bailee with the return of the goods, or with the bill for the work done, containing conditions qualifying his liability for defective workmanship, will not amount to a contract, although the owner accept the goods with knowledge of the contents of the notice. Such a transaction lacks the consideration necessary to support a contract.

4. A manufacturer sent silk braids to a dyer to be dyed. On bills presented by the dyer for the work done was printed a notice, "All claims for deficiency or damage must be made within three days from date, otherwise not allowed." *Held,* that the notice, although brought

to the knowledge of the manufacturer, did not bind him, and that he might bring a suit for damages for defective workmanship, although no claim for damages was made within the time mentioned.

5. In taking exception to the decision of the court overruling the offer of evidence or excluding a defence, the exception must state the grounds upon which the offer was made. Litigants who have excepted to the court's refusal to rule that a certain state of facts, if proved, would amount to a complete defence in law, cannot insist, in a court of review, that the facts offered to be proved would have been competent evidence upon an issue of fact not distinctly presented

On *certiorari* to the Passaic Court of Common Pleas.

This was an action brought in the District Court of the city of Paterson, to recover damages for defective workmanship in dyeing silk.

The judge of the District Court certified to the Common Pleas the following state of the case:

The plaintiff was a manufacturer of silk braids at the city of Paterson. The defendants were silk dyers doing business in that city. The plaintiff delivered to defendants silk twist to be dyed for plaintiff, relying on the usual implied contract of dyers to use the proper degree of skill. The twist, after being dyed by the defendants, was, prior to October 1st, 1881, returned in various successive parcels to plaintiff, who wove part of it into silk braids. Subsequently, in February, 1882, these braids were found of greatly inferior value, on account of their being oily, which oily condition was due to unskillful dyeing. The difference in market value between the braids in this oily condition and as they would have been if not oily, was over $200, the excess of damages, however, over $200 being waived in the plaintiff's demand.

The court found the facts above stated, and found, as a matter of fact, that the defendants had not complied with their implied contract as dyers, in respect of the degree of skill to be exercised by them, and gave judgment for the $200 damages.

The defendants, for a defence, offered evidence to show the following facts: That the defendants had frequently dyed silk

.for the plaintiff prior to the transaction in question, and had always delivered bills for their work in such cases, with a notice printed thereon requiring such claims to be made in three days after delivery of the dyed silk, of which notices the plaintiff had knowledge before the transaction in question, and that such notices had been uniformly printed on all the bills rendered by defendants for dyeing, to all their customers, from prior to the transaction in question to the present time. That the oily condition of the silk might have been easily discovered by the plaintiff at any time after it was received by him, and before it was woven into braids, if a proper examination of it had been made. One of the bill heads from one of the original bills for part of the silk in question, showing the form of notice, is annexed hereto as part of the case. No notice of any kind was given by the plaintiff to the defendants of the defect in their work until May, 1883, and no claim for damages was made until the commencement of this suit.

The defendants claimed that the foregoing facts, if established, made out a complete defence to this action.

The court disallowed this claim, and held that such facts would not make out any defence; that the plaintiff had six years in which to sue, and that the notice from the defendants to the plaintiff, under the facts above stated, was not a part of the contract, and was inoperative.

The defendants excepted to the ruling and judgment of the court.

Annexed to the state of the case was a copy of the defendants' bill heads with the notice thereon printed at the top, as follows: "All claims for deficiency or damage must be made within three days from date, otherwise not allowed."

The defendants appealed, and the Court of Common Pleas reversed the judgment of the District Court, and gave judgment final for the defendants, with costs.

Argued at November Term, 1888, before Justices DEPUE and DIXON.

For the plaintiff, *John S. Barcalow.*

For the defendants, *Eugene Stevenson.*

The opinion of the court was delivered by

DEPUE, J.    The appeal given to the Court of Common Pleas from the District Court is upon matter of law, either in the judgment given by the latter court, or its ruling upon the admission or rejection of evidence. No appeal lies upon matters of fact, and the appellate court has no power to retry the case upon the merits. *Guerin* v. *Rodwell,* 8 *Vroom* 71, 75; *Benedict* v. *Howell,* 10 *Id.* 221; *Baldwin* v. *Golden Star Fraternity,* 18 *Id.* 111; *Haines* v. *Roebuck, Id.* 227. If the Common Pleas found that the judge of the District Court erred in excluding the evidence offered, there should have been simply a reversal of the judgment, remitting the record for a new trial. The final judgment given by the Pleas in favor of the defendants was erroneous. Whether this court, in reversing the judgment of the Pleas, shall remit the record to that court, to the end that the proper judgment may be entered there, or shall reverse the judgment of the Pleas and affirm the judgment of the District Court, depends upon whether the ruling of the judge of the District Court, in excluding the evidence offered by the defendants, was or was not erroneous.

The defendants received the plaintiff's goods upon a bailment *locatio operis faciendi,* to do work upon them for a reward. Incident to such a bailment, and from the act of employment, the law implies an undertaking that the work shall be done with due care and competent skill. The duty of the bailee in the premises is a non-contract obligation imposed by law, and the parties may, by express contract, enlarge, abridge, qualify or supersede the obligations which otherwise would arise from the bailment by implication of law.

The defendants claim that they were not liable for the damages occasioned by unskillful workmanship unless a claim for such damages was made within three days after the rede-

'livery of the goods to the plaintiff, or rather, within three days
.after the delivery of the bill for the work done.

Stipulations or conditions that a carrier or telegraph com-
pany shall not be liable for damages unless claim be made
within a limited time after the goods or message were de-
livered for transmission, have been held to be valid when rea-
.sonable, and binding when brought home to the shipper of
.the goods or the sender of the message. *Lewis* v. *Great West-
ern R. R. Co.*, 5 *Hurlst. & N.* 867 ; *Express Co.* v. *Caldwell*,
.21 *Wall.* 264 ; *Wolf* v. *Western Union Telegraph Co.*, 62 *Penna.
.St.* 83 ; *Young* v. *Western Union Telegraph Co.*, 65 *N. Y.* 163 ;
*Ellis* v. *American Telegraph Co.*, 13 *Allen* 306. But, in all
the cases in which stipulations or conditions of this character
have been held to be contracts, they were contained in or
made part of the original contract of bailment. Notices of
.such conditions, printed at the head of shipping receipts or in
.the headings of the paper on which the telegram is written,
have been held to amount to contracts. But a notice given
.after the goods or message are delivered and received cannot
have any such effect. The contract implied by law arises im-
mediately when the bailment is accepted, and notice subse-
·quently given would be inefficacious to establish a contract for
the want of mutual assent and sufficient consideration. Thus,
if goods be delivered to and accepted by a carrier without an
·express contract, he cannot discharge himself from the liability
implied by law by subsequently transmitting to the shipper a
·contract of affreightment qualifying his liability. *Gott* v.
*Dinsmore*, 111 *Mass.* 45 ; *Bostwick* v. *Baltimore and Ohio R. R.
Co.*, 45 *N. Y.* 712 ; *Guillame* v. *General Transportation Co.*,
100 *Id.* 491. Upon a bailment of goods for work and labor
upon them, the contract between the parties arises immediately
upon the delivery of the goods to the bailee, and upon the com-
pletion of the work for which the bailment was made, it is the
duty of the bailee to return the goods to the owner. He cannot
prescribe the conditions under which he will perform that
duty. Notice by the bailee, with the return of the goods, or
with his bill for the work done, qualifying his liability for

defective workmanship, are terms of his own dictation. His refusal to restore the goods to the owner except upon those terms would be wrongful. And although the owner should accept his goods with knowledge of the terms proposed, no contract would arise therefrom. The transaction would lack the consideration necessary to support a contract.

The ruling of the judge of the District Court excepted to was not in excluding evidence which might be competent, as tending to show that in fact the silk in question was delivered to them under a special contract. The facts set out in the defendants' offer were submitted to the court as in themselves a defence to the action, and the ruling excepted to was the disallowance of the defendants' claim that these facts made out a complete defence. Those facts, so far as they are pertinent to this inquiry, are as follows : That the defendants had frequently dyed silk for the plaintiff prior to this transaction ; that they had always delivered bills for their work, in such cases, with the notice printed thereon, of which notice the plaintiff had knowledge before the silk in question was delivered ; that for some of the work in question such bills had been delivered, and that no claim for damages had been made within the time designated in the notice. There was no offer to show that the plaintiff had ever yielded to, complied with, adopted, assented to, or in anywise recognized the terms contained in the notice as the arrangement between him and the defendants for the transaction of business between them.

The defendants' contention was, that the facts mentioned in the offer of themselves constituted a defence, as *ipso facto* establishing a special contract. This contention it was that the judge overruled.

The evidence offered was insufficient to establish a general usage of the trade. All that was proposed on that subject was to show that such notices have been uniformly printed on all the bills rendered by the defendants to their customers, from prior to this transaction to the present time. Nor was it proposed to be shown that the plaintiff had knowledge of the defendants' course of business in that respect. Whatever

foundation the defence could derive from the evidence ex-
cluded rested on the isolated transactions between these parties
—the notices on the bills delivered to the plaintiff, and his
knowledge that they appeared on those bills.

From what has already been said it is apparent that no one
of these notices of itself constituted a contract with respect
to the work to which the bill on which it was printed was
applicable.    When the first bill was sent to the plaintiff the
notice on it was a nullity.    So with the second, and so with
each of the bills in the series.    As these bills came in from
time to time, while the plaintiff knew the notice was upon
them, it must be assumed that he also knew that the notice
was, in law, a nullity, and, in legal effect, only an announce-
ment by the defendants *in terrorem* of their intention to resist
claims for damages not made within three days, and the plaint-
iff was justified in so regarding it.    Each of these notices
being in itself a nullity, it is inconceivable how, upon any
legal principle, the frequency with which they were repeated
could create out of them a contract on the part of the plaint-
iff without a scintilla of evidence of assent to the terms ex-
pressed in them.    Notices of similar import, such as all claims
for shortage or breakage must be made in so many days, are
not uncommon in invoices of goods sold and in bills given by
carriers on the delivery of goods to the consignee, and I am
not aware that such notices have, by any judicial decision,
been recognized as having any validity whatever, unless sup-
plemented by some evidence that the original purchase or
shipment was made upon such terms.

The facts embraced in the defendants' offer, standing alone,
would be wholly insufficient to establish a special contract be-
tween the parties.    The District Court act allows exception to
be taken to the ruling of the judge in excluding evidence or
in overruling a defence.    No rule of practice and procedure
is better settled, than that, in taking exception to the decision
of the court in overruling the offer of evidence or excluding
a defence, the exception must state the grounds upon which
the offer was made.    Litigants who have excepted to the

court's refusal to rule that a certain state of facts, if proved, would amount to a complete defence in law, cannot insist, in a court of review, that the facts offered to be proved would have been competent evidence upon an issue of fact not distinctly presented. *Grand Trunk Railway Co.* v. *Jennings, 8 App. Cas.* 800, is a precedent quite apposite, and the remarks of Lord Watson, on page 803, have direct application. The principle is supported by numerous decisions in this state. The facts excluded having been offered as in themselves a defence, the ruling of the judge of the District Court, that they were insufficient for that purpose, was correct.

The defendants' counsel, in his brief, called in question the measure of damages adopted by the judge of the District Court. The rule adopted appears to have been the difference between the market value of the braids in the oily condition of the silk and the market value they would otherwise have had. Consequential damages of this kind may be recovered for breaches of contract of this character, and there is nothing in the case certified to show that, as applied to this case, the measure of damages was improper. The evidence offered and excluded, with respect to the plaintiff's ability to discover the oily condition of the silk before it was made into braids, was not offered for any bearing it might have on the damages recoverable. It was part of the case offered as a complete defence. If that circumstance could have any effect in controlling the measure of damages, the attention of the judge was not called to it, and there was no exception on that point.

The judgment of the Common Pleas should be reversed, and the judgment of the District Court be affirmed.