### BUSHNELL *v.* PARK BROS. & Co., Limited.

*(Circuit Court, S. D. New York.  May 1, 1891.)*

REMOVAL OF CAUSES—CITIZENSHIP—JOINT-STOCK COMPANY.

    A joint-stock association, limited, created under Act Pa. June 2, 1874, (P. L. 271,) having some of the characteristics of a partnership and some of a corporation, including the right to a common seal, ownership of property, real and personal, by the association, and the right to sue and be sued by the corporate name, is a new artificial person, and as much a citizen of Pennsylvania as a corporation organized under its laws, and, when sued in a New York court, is entitled to removal to the federal court, irrespective of the citizenship of its individual members.

On Motion to Remand.
*Parsons, Shepard & Ogden,* for plaintiff.
*Arnoux, Ritch & Woodford,* for defendant.

    LACOMBE, Circuit Judge.    This motion must be determined upon the facts as they now appear.    Section 5 of the judiciary act of 1875, as amended by the judiciary act of 1887.    Defendant is organized under the laws of Pennsylvania.    Act June 2, 1874, (P. L. 271.)    If it were a corporation, it would therefore be a citizen of that state, and, so far as appears, a non-resident of this district.    If it be not a corporation, but a limited partnership, then it does not appear that its members are citizens of a state or states different from that of which plaintiff is a citizen, and jurisdiction of a federal court over the matter in dispute is not shown. Whether associations formed under the constitution and laws of a particular state are legally corporations or not, is a question in answer to which the decision of the highest court of the state will be accepted as conclusive.    *Secombe* v. *Railway Co.*, 23 Wall. 108.    The supreme court of Pennsylvania, (1889,) commenting upon this statute, and the organizations formed under it, has held that when such organization "is called into life by the organic act, [recording the certificate of organization,] the promoters cease to act as individuals or as partners in the common business, but through the name and upon the credit of the joint-stock association;" and that the statute has "created a new artificial person, to be called a 'joint-stock association,' having some of the characteristics of a partnership and some of a corporation."    *Hill* v. *Stetler,* 127 Pa. St. 145, 13 Atl. Rep. 306, and 17 Atl. Rep. 887.    Among these characteristics of a corporation are included the right to a common seal, ownership of property, real and personal, by the association, and the right to sue and be sued by the corporate name.    Act of June 2, 1874, supplement and amendments.    See, also, *Patterson* v. *Pipe Co.*, 12 Wkly. Notes Cas. 452.    For the purposes of this suit the defendant must therefore be considered to be a Pennsylvania corporation, and as such had the right to remove.

    Motion for remand is denied.