## No. 11,051.

## LORRAINE MANUFACTURING CO. *v.* ALLEN MANUFACTURING CO.

#### Decided April 6, 1925.

Action for damages for breach of warranty. Judgment for plaintiff.

### *Affirmed.*

1. SALES—*Warranty.* Where material was sold for the manufacture of specific articles, which the seller knew, under the facts disclosed it is held there was a specific warranty that it was suitable for the purpose, and free from latent defects.

2. *Warranty—Opinion.* Statement by the seller that cloth to be used in making riding breeches was better for the purpose than that theretofore furnished, held to be a warranty and not a mere expression of opinion.

3. *Warranty—Waiver.* The purchaser of cloth to be used in making riding breeches held not to have waived a warranty as to quality by cutting the cloth and failing to return or offer to return the goods.

4. CUSTOM AND USAGE—*Knowledge—Evidence.* Before a party can be bound by a custom, he must know the custom, or it must be so universal and well established that he is presumed to know of its existence. Evidence of custom held properly excluded in the case under consideration.

5. SALES—*Warranty—Damage.* A purchaser may retain goods purchased and sue on a breach of warranty for damages.

6. *Warranty—Waiver.* Where a contract was made for the purchase of cloth to be used in the manufacture of riding breeches, and warranted suitable for that purpose, the purchaser did not waive the warranty by accepting an invoice of the goods containing a statement that they could not be returned for credit after being cut.

7. *Breach of Warranty—Damage.* The purchaser of goods has a reasonable time after discovering defects, to make a claim for damages.

8.  DAMAGES—*Loss of Profits.*  In an action for damages for failure
     of warranty of goods sold for use in the manufacture of riding
     breeches, the question of damages by reason of loss of profits
     held properly submitted to the jury, where the evidence dis-
     closed with reasonable certainty that definite and fixed profits
     would have been made on the manufactured articles, had the
     goods been as warranted.

*Error to the District Court of the City and County of
Denver, Hon. Charles C. Butler, Judge.*

Mr. FREDERICK P. CRANSTON, for plaintiff in error.

Mr. J. E. ROBINSON, Mr. KENNETH W. ROBINSON, for
defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

THE defendant in error, plaintiff in the court below,
brought this suit against plaintiff in error, defendant be-
low, to recover damages for an alleged breach of war-
ranty in the sale of goods.  The parties will be referred to
here as there.

At the conclusion of the evidence, the court instructed
the jury to return a verdict for plaintiff and instructed
them as to the measure of damages.  The jury returned a
verdict in favor of plaintiff for the sum of $1,684.47.  Mo-
tion for new trial overruled and judgment rendered on the
verdict for the amount thereof less $24, the selling costs
remitted by the court with the consent of the plaintiff.
Defendant prosecutes this writ of error.

The Allen Manufacturing Company, at the time of the
transaction in question, was engaged in Denver in manu-
facturing clothing and selling the same to retail dealers.
Defendant was at that time a corporation in New York,
manufacturing and selling cotton, silk and wool fabrics, to

be manufactured into clothing by the purchasers. For some time prior to August, 1922, plaintiff had been purchasing from defendant, through one Rycroft, defendant's agent and salesman, a wool and cotton cloth known as "cotton warp gaberdine" for the purpose of manufacturing the same into riding breeches, and which plaintiff used for that purpose with the knowledge of defendant.

During the month of August, 1922, Rycroft called on Allen, president of the plaintiff corporation in Denver, and solicited from him an order for a certain all-wool cloth known as gaberdine style No. 4671, manufactured by defendant, stating to Allen that the defendant had abandoned the manufacture of the cotton warp cloth. Allen testified that Rycroft stated to him that the all-wool "will make much better pants"; that Rycroft presented a sample of the all-wool cloth, and said, "This is heavier, nicer; will make a better garment." Rycroft testified that he stated to Allen "that it would make up a nice pair of pants * * * and was a better cloth." Rycroft further stated he knew at that time that plaintiff was using the cloth to make into riding breeches, and that they had with them, at the time of the conversation, a pair of the pants made from the cotton warp cloth.

In December of the same year plaintiff ordered another lot of cloth; the first lot having been all cut and made into riding breeches, a portion of the second lot was also cut up and used for the same purpose. Plaintiff paid for all of the goods so purchased and paid the freight. After the purchase of the second lot and during the course of its manufacture it was discovered that the all-wool cloth was not well made; that it was not suitable to be made into riding breeches, and not suitable to plaintiff's trade or customers; and there was evidence tending to show that it was of no value.

The plaintiff claims that in making the purchase of the cloth, in August and December, he relied upon the representations made to him by Rycroft as to its quality and suitability for manufacture into riding breeches. The de-

fendant contends that it neither expressly nor impliedly warranted the cloth, but if there was a warranty thereof plaintiff waived it because it accepted the cloth by cutting it and by failing to return or offer to return the goods purchased. We think the testimony of Rycroft shows an express warranty, and certainly where the cloth was sold to be used for making riding breeches, the same as the cotton warp had been used, as defendant knew, there was an implied warranty that the cloth was suitable for that purpose, and also that the goods were free from latent defects. As to this issue there was no evidence sufficient to go to the jury. What was stated by Rycroft was not an expression of opinion as in *Dolan v. Douglas Co.,* 4 Colo. App. 280, 282, 35 Pac. 670.

The warranty was not waived by cutting the cloth and by failing to return or offer to return the goods. Defendant urges that plaintiff, before cutting the cloth, had not sent it to a sponger, according to a custom which defendant claims existed at the time the goods were purchased; that the court erred in excluding evidence of this custom in Rhode Island on the theory that the goods, having been delivered in that state to a common carrier, consigned to plaintiff, plaintiff having paid the freight, constituted a delivery to the consignee in that state; therefore the sale and delivery took place in Rhode Island, and the custom existing there was a proper defense. It is further claimed that there was evidence to go to the jury that the custom existed in Denver.

Whether a custom is a proper defense to an action brought upon a warranty, we need not consider. Certainly it must be true in any event, that before a party can be bound by a custom, he must know of the custom, or it must be so notorious, universal and well established, that he is presumed to have knowledge of its existence. The parties must have contracted with reference to the custom, and, of course, with knowledge of it. In this case it was not shown that any such custom existed in Denver, nor did it appear that the plaintiff had knowledge that such

custom existed anywhere. While Rycroft testified that such custom existed all over the United States, yet it was shown by him that it could not have existed in Denver, and there was abundant evidence to affirmatively show that it did not exist in Denver. The contract was made in Denver and not in Rhode Island, and the court was fully justified in excluding the deposition offered and in refusing to submit that question to the jury.

The contention that the warranty was waived by failure to return the goods cannot be sustained. Although there are some cases to the contrary, we think it is well settled by the current of authority that the buyer may retain the goods and sue on the breach of warranty for damages. If this were an action for rescission a different question would arise. In the absence of an agreement to that effect it is not necessary that the buyer should return or offer to return the goods, in order to avail himself of his action for damages. 35 Cyc. pp. 435, 436; 24 R. C. L. p. 249, § 527; *Smith v. Mayer*, 3 Colo. 207, 210.

A further contention of defendant is that the invoice, which accompanied the shipment, was a part of the contract of sale, and the plaintiff, by accepting the invoice which contained a provision that no goods could be returned for credit after the same had been cut, waived the the warranty. We cannot agree to this contention. The invoice was no part of the offer or acceptance, no part of the contract which was made, and, of course, was not seen by plaintiff until sometime after the goods were ordered. The authorities cited by defendant cannot apply where, as here, the defective quality of the goods could not be discovered until after the cutting and making into the manufactured article, and not, in fact, until the breeches had been worn.

The purchaser must have a reasonable time after discovering the defects in which to make his claim for damages. If defendant's position is correct, plaintiff, in the circumstances of this case, would be denied this right. *Beane v. Tinkham*, 14 R. I. 197; *Sturm v. Boker*, 150 U. S.

312, 326, 14 Sup. Ct. 99, 37 L. Ed. 1093; *Dale v. See,* 51 N. J. Law 378, 18 Atl. 306, 5 L. R. A. 583, 14 Am. St. Rep. 688; *Brittain Co. v. Birkenfeld,* 20 Mont. 347, 51 Pac. 263.

The defendant also contends that the Court erred in submitting to the jury the question of damages arising to plaintiff by reason of loss of profits. We do not think so. If the evidence shows with reasonable certainty that definite and fixed profits would be made, they are recoverable. In the instant case, on the first order given, the profits were ascertained and on the next order they could readily be determined and exactly calculated. *Ramsey v. Meade,* 37 Colo. 465, 473, 86 Pac. 1018; *Goldhammer v. Dyer,* 7 Colo. App. 29, 32, 42 Pac. 177; *Smuggler-Union Co. v. Kent,* 47 Colo. 320, 329, 112 Pac. 223.

We fail to discover any error in the record and the judgment should be affirmed.

Affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE CAMPBELL concur.