### WHEELER v. PACKARD OKLAHOMA MOTOR CO.

No. 22834. Oct. 16, 1934.

Disney, Wheeler & Alcorn, W. E. Disney, John Wheeler, Glenn Alcorn, and Charles S. Piepgrass, for plaintiff in error.

E. D. Brewer, for defendant in error.

PER CURIAM. The plaintiff sued the defendant for damages to an automobile belonging to the plaintiff and wrecked while in the possession of the defendant. Judgment was rendered for the plaintiff, and the defendant appeals. The allegations of the petition are that the plaintiff "loaned to the defendant at the defendant's special instance and request" the automobile in question, and "that the defendant took said automobile and wrecked it." There are no other allegations as to the terms or conditions of the bailment, nor as to the reason for it, nor as to whether the wrecking of the automobile was due to the willfulness, wantonness, or negligence of the defendant, or otherwise.

The undisputed facts are that the defendant left his automobile with the plaintiff to be repaired, with the understanding that he was to have it back at a certain time. He was unable to get it, and to satisfy the matter the plaintiff then loaned him another automobile for use during the time his automobile was being repaired, and while the defendant was in possession of the plaintiff's automobile, driving it, it was wrecked.

The testimony was disputed as to whether or not the defendant assumed responsibility for the plaintiff's automobile while he was using it, and as to whether the plaintiff relieved the defendant of such responsibility. On this disputed point there was evidence sufficient to justify a finding either way. The case was tried to the court without a jury, but the court made no findings of fact, rendering only a general judgment in favor of the plaintiff for the sum of $1,500. No point is made as to the measure of damages,

but the question is entirely one of liability.

The plaintiff did not base his cause of action upon any negligence of the defendant, but only upon the legal duty that a bailee owes the bailor, with reference to bailed property. The quoted language from the petition sufficiently stated a cause of action upon that theory, but not upon any theory of negligence. That being true, the assignments of error relative to the admission and rejection of testimony as to negligence are of no importance.

The evidence of the plaintiff's witnesses was briefly to the effect that the plaintiff loaned the defendant its automobile, and that it was later wrecked and damaged in an amount in excess of the amount for which judgment was rendered.. There was other testimony as to certain suggested acts of negligence and as to the method by which the amount of damages was arrived at, but, as above stated, these matters are not material in the view we take of the case.

The defendant and his witnesses admitted that the defendant was in possession of the automobile, and was driving it at the time it was wrecked. The testimony of the defendant as to the circumstances under which the wreck occurred appears at page 86 of the record, and is as follows:

"I drove west on the road that comes into the Testerman farm there, where the junction of the road, one end of the road goes to Bixby, the other one to Broken Arrow. I came up to that filling station and slowed down, made my turn, started north up the road. The road was absolutely clear, wasn't a car in sight. About 125 yards north of the turn, I don't know just how fast I was going, but I wasn't going 50 miles, because I had just turned the corner. I was probably going 40 miles an hour. The car swerved to the right very sharply, and that is about all I know. The next thing we hit the tree and the next thing I know some gentlemen were pulling me out of the car. I don't know how it happened. It happened so quickly that it is just a little hard to describe it, but I was not asleep. I will admit I was tired and sleepy, but I was not asleep. I remember the car swerving and I knew I was hitting this tree."

The defendant also testified that he made every effort he knew how to avoid the accident, and that he did not know what made the automobile swerve; that he was familiar with the operation of automobiles and had been driving for 14 or 15 years, and that he had control of the car immediately prior to and at the time of the accident; that there was nothing unusual about his conduct or his management of the car immediately prior to the accident; that he was on the right-hand side of the road, going north; that he did not know what caused the accident; that he did not know what caused the car to leave the road; that he did not willfully or wantonly drive the car off the road and into the trees, and that he was driving the car as he would ordinarily drive his own car.

The questions presented involve the law of bailments and the burden of proof in actions involving the same.

We believe that this case is governed by Stone v. Case, 34 Okla. 5, 124 P. 960. There the court quoted with approval the following language from Higman v. Camody, 112 Ala. 267, 20 South. 480, 57 A. S. R. 33:

"'In an action by a bailor against a bailee for hire to recover for the destruction of, or injury to, the property through the negligence of the latter, the burden of proof is, first, upon the bailor to show the bailment, the condition in which the bailee took the property, and that he returned it in a damaged condition, or did not return it at all; and, if the property was in good condition for the uses of the bailment when delivered, and was returned in a damaged condition, or not at all, the burden of proof shifts to the bailee to show a cause producing the injury which, prima facie, did not arise or result from or operate on account of a want of ordinary care on his part. This being shown, the burden of proof shifts back to the bailor to affirmatively show some negligence on the part of the bailee producing the injury complained of.'"

The court also said:

"For example, where a bailee fails to deliver the property, or where the bailor makes demand for a return of the property and the bailee fails or refuses to return or deliver the same, in such case the law presumes a liability on the part of the bailee— a presumption from which he must free himself. But such presumption arises from the fact constituting a prima facie case against him, and the burden is upon the bailor to establish such facts; that is, he must show that there is a bailment, that he is the bailor, must show what the property consists of, that he is entitled to return of same, and that the bailee refuses to make such return. When this is done, a prima facie case is made, and the law presumes a liability on the part of the bailee. Then, if he has a defense which relieves him of liability, the burden is upon him to establish such defense; that is, the law must be satisfied of the existence of such facts

as will relieve him of liability, and proof of such facts rests with him. The law must be convinced by his efforts that a defense exists. The burden of proving such issue is upon him. Otherwise, the presumption arising from a prima facie case fixes his liability."

The defendant made no effort to prove the existence of any mechanical defects in the automobile, nor the presence of any person or object on the road which might have even possibly caused the wreck. When such causes are eliminated from consideration, no other conclusion can be reached than that the defendant himself brought about the wreck by **the manner in which he operated the automobile.**

This being true, when the plaintiff established the fact of the bailment and the return of the bailed property in a wrecked condition, it then became the duty of the defendant, in order to relieve himself of liability, to show a cause producing the injury which, prima facie, did not arise or result from or operate on account of a want of ordinary care on his part. We have read all of the testimony in the case, and, viewing it all in the light most favorable to the defendant, we are of the opinion that he did not satisfy this burden. To say the least, the testimony, present and absent, amply justified the trial court in reaching that conclusion. That being true, the judgment of the trial court was correct.

Some attempt is made by the plaintiff in error to draw a distinction between the duty of a gratuitous bailee and a bailee for hire. As we view this case, however, from the pleadings and the evidence, there is no question of that kind in it.

Having reached the conclusion that under the pleadings the duty was upon the defendant to establish the fact that the wreck was caused by some act not within his control, and that he failed to sustain such burden, we conclude that the judgment of the trial court was correct, and the same is affirmed.

The Supreme Court acknowledges the aid of Attorneys Don Welch, A. H. Ferguson, and D. S. MacDonald in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Welch, and approved by Mr. Ferguson and Mr. MacDonald, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.