Bell, J.
 

 The ultimate question for determination is: Did the Court of Appeals err in reversing the judgment of the Municipal Court of Cleveland?
 

 The answer to that question depends upon the answer to several subordinate questions.
 

 (1) What was the relationship of the parties to each other?
 

 The relationship between the operator of a parking lot and the operator of a motor vehicle who parks the
 
 *280
 
 vehicle in such parking lot, depends upon whether the parking lot operator assumes control over and custody of such vehicle or simply grants permission to park such vehicle at a designated place upon the parking lot. If the parking lot operator assumes control over and custody of the vehicle the relationship thereby created is that of bailor and bailee.
 
 Sandler
 
 v.
 
 Commonwealth Station Co.,
 
 307 Mass., 470, 30 N. E. (2d), 389. On the other hand if a designated place on a parking-lot is assigned to the owner without any assumption of control over or custody of the vehicle by the operator of the lot the relationship would be that of lessor and lessee.
 
 Lewis
 
 v.
 
 Ebersole,
 
 244 Ala., 200, 12 So. (2d), 543.
 

 As has been pointed out in the statement of- facts, Mrs. Bova had been parking, the vehicle in the parking-lot of defendant (appellant here) on the average of twice a week for five or six years previous to the day in question, and on all occasions she left her keys in the ignition lock upon request of the lot operator so that he could move the car around for his convenience.
 

 Upon that state of facts we conclude that the defendant assumed control over and custody of the vehicle and that the relationship between the parties was that of bailor and .bailee.
 

 (2) Was the printed matter upon the parking ticket which was delivered to Mrs. Bova when she parked the vehicle binding- upon her as a part of the contract of bailment?
 

 The great weight of authority in this country is to the effect that a ticket, such as was delivered to this bailor, is a mere token for identification
 
 (Healy
 
 v.
 
 N. Y. C. & Hudson River Rd. Co.,
 
 210 N. Y., 646, 105 N. E., 1086, affirming 153 App. Div., 516;
 
 Denver Union Terminal Ry. Co.
 
 v.
 
 Cullinan,
 
 72 Col., 248, 210 P., 602, 27 A. L. R., 154;
 
 Jones
 
 v.
 
 Great Northern Ry. Co.,
 
 68 Mont., 231, 217 P., 673, 37 A. L. R., 754) and printed
 
 *281
 
 conditions thereon purportedly limiting the bailee’s liability, become no part of the contract, at least in the absence of anything to indicate that the bailor assented to the conditions before delivering the property to the bailee
 
 (Fessler
 
 v.
 
 Detroit Taxicab & Transfer Co.,
 
 204 Mich., 694, 171 N. W., 360, 5 A. L. R., 983;
 
 Maynard
 
 v.
 
 James,
 
 109 Conn., 365, 146 A., 614, 65 A. L. R., 427).
 

 In 6 American Jurisprudence, 271, Section 177, the rule is stated thus:
 

 “Special provisions, to be effective as a modification of the contract implied by law from the bailment relation, must be either a part of the original contract of bailment or contained in a valid amendatory contract. The assent of both parties is necessary to effectuate this result. One party cannot, without the assent of the other, modify such implied contract
 
 [Dale
 
 v.
 
 See,
 
 51 N. J. Law, 378, 18 A., 306, 14 Am. St. Rep., 688, 5 L. R. A., 583]. Neither the bailor nor the bailee can afterward impose conditions or limit his liability resulting from such bailment.
 

 “Modification is sometimes attempted by notice. In order that such notice may result in a modification, the terms thereof must be assented to by the other party. ’ ’
 

 On page 275, Section 179, of the same text we find this language:
 

 “Although there is authority apparently to the contrary, the trend of the more recent authorities is to the view that receipt from the bailee at the time of the bailment of what is ostensibly a token for later identification of the bailed property, such as a check for a parcel left at a parcel stand or a numbered identification slip for an automobile left at,a garage or parking station, does not bind the bailor as to provisions, purportedly limiting the bailee’s liability, which are printed thereon, where his attention is not called to them and he has no actual knowledge at the time of the bailment that they are supposed to become part of
 
 *282
 
 the contract. The mere retention of such a check without such knowledge does not bind him to the limitation.”
 

 From the language of the various text writers upon this subject, supported by the authorities, the following rule may be deduced: Where a bailee delivers to the bailor at the time of the bailment a token or receipt ostensibly for later identification of the bailed property, upon which there is printed conditions purportedly limiting the bailee’s liability, such printed conditions become no part of the contract of bailment and the parties remain subject to the usual obligations imposed by law in the' absence of anything to indicate that the bailor, either expressly or impliedly, assented to such printed conditions prior to or contemporaneously with delivery of the property to the bailee.
 
 Ashland Oil Meal and Fertilizer Co.
 
 v.
 
 Lane,
 
 201 Ala., 587, 79 So., 9;
 
 Maynard
 
 v.
 
 James, supra; Jones
 
 v.
 
 Great Northern Ry. Co., supra; Dale v. See, supra; Madan v. Sherard, Jr.,
 
 73 N. Y., 329, 29 Am. Rep. 153;
 
 Green’s Exrs.
 
 v.
 
 Smith,
 
 146 Va., 442, 131 S. E., 846, 44 A. L. R., 1175.
 

 There is no evidence in this record to support the conclusion that the bailor ever assented to or even knew of the printed conditions upon the parking ticket. However, a more cogent reason why this bailor was not bound by those conditions is that they are contrary to law and against public policy.
 

 We quote the language used:
 

 “No attendant on duty after regular closing time. Cars left after closing at owner’s risk. This station will endeavor to protect the property of its patrons, but it is agreed that it will not be liable for loss or damage of cars, accessories or contents,
 
 from whatever cause arising.”
 
 (Italics ours.)
 

 Whether this attempted limitation of liability applied only to vehicles left after regular closing time is unnecessary to decide in this case.
 

 By that language the bailee attempted to avoid lia
 
 *283
 
 bility for his own negligence as well as that of his agents or servants and, if the printed conditions are enforceable, the language is broad enough to avoid liability for any wanton or wilful misconduct on the part of such bailee, his agents or servants.
 

 The attempted limitation of liability here under consideration cannot be upheld either upon reason or authority, whether it applied during regular business hours or only after closing time.
 

 The general rule is well stated in 6 American Jurisprudence, 270, Section 176, which reads in part as follows :
 

 “It is now apparently well settled that a bailee for hire cannot, by contract, exempt himself from liability for his own negligence or that of his agents or servants
 
 [Franklin
 
 v.
 
 Southern Pacific Co.,
 
 203 Cal., 680, 265 P., 936, 59 A. L. R., 118;
 
 Hotels Statler Co., Inc.,
 
 v.
 
 Safier,
 
 103 Ohio St., 638, 134 N. E., 460, 22 A. L. R., 1190;
 
 Scott Auto & Supply Co.
 
 v.
 
 McQueen,
 
 111 Okla., 107, 226 P., 372, 34 A. L. R., 162;
 
 Simms
 
 v.
 
 Sullivan,
 
 100 Ore., 487, 198 P., 240, 15 A. L. R., 678;
 
 Sporsem
 
 v.
 
 First National Bank of Poulsbo,
 
 133 Wash., 199, 233 P., 641, 40 A. L. R., 854]. Contracts limiting liability for negligence in bailments for hire in the course of a general dealing with the public are generally regarded as against public policy.”
 
 Union Pacific Rd. Co.
 
 v.
 
 Burke,
 
 255 U. S., 317, 65 L. Ed., 656, 41 S. Ct., 283;
 
 England
 
 v.
 
 Lyon Fireproof Storage Co.,
 
 94 Cal. App., 562, 271 P., 532;
 
 Denver Union Terminal Ry. Co.
 
 v.
 
 Cullinan, supra.
 

 The provisions printed upon the parking ticket did not become a part of the contract of bailment and, therefore, it was error for the trial court to enter judgment in favor of defendant upon that basis.
 

 However, the appellant argues that the judgment of the trial court should be sustained upon the premise that the plaintiff failed to prove its case.
 

 
 *284
 
 If the defendant was entitled to judgment at the conclusion of the plaintiff’s case, the fact that the trial court based its conclusion upon an erroneous reason is unimportant. By repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof.
 

 Before proceeding to the next specific question it may be profitable to state very briefly some of the well established rules of law applicable to bailments for hire. That bailments rest upon contract express or implied is universally recognized. It is .the duty of the bailee in a contract of bailment for hire to exercise due care to prevent loss of or damage to the bailed property, and for a failure to exercise such care he is liable for any resulting loss or damage. Where the bailee fails to redeliver the property upon a legal demand therefor, a right of action accrues in favor of the bailor. It is generally recognized that the bailor, under such circumstances, may bring an action based upon breach of contract or upon negligence.
 

 The text writers point out numerous distinctions in procedure in bailment cases between a cause of action based- upon negligence and one based upon breach of contract. An elaborate discussion upon this subject is found in 6 American Jurisprudence, 446 and 447, Sections 368 and 369.
 

 This brings us to our next question.
 

 (3) Was the instant action based upon negligence or upon breach of contract?
 

 The plaintiff did not allege or attempt to prove negligence. Both the trial court and Court of Appeals concluded that this action is based upon breach of contract and with those conclusions we are in full accord.
 

 (4) Did the plaintiff fail to prove its case?
 

 Upon the question of defendant’s liability the plain
 
 *285
 
 tiff proved that the vehicle was delivered to defendant in good order at about 11:45 a. m. on the day in question and at about 2 p. m. on that same day the bailor returned and demanded the vehicle and it then developed that it was gone.
 

 The authorities are uniform in holding that proof of those facts makes out a
 
 prima facie
 
 case of liability whether the action be based upon breach of contract or upon negligence, and that the defendant must explain the loss of the bailed property. As to what is a sufficient explanation to excuse liability the decisions are not in harmony. Some of the cases make no distinction as between an action based upon breach of contract and one based upon negligence. Some hold that where the bailee proves that the property was stolen that is a sufficient explanation, in the absence of a further showing by the bailor that the bailee was guilty of negligence or want of due care in failing to safely keep the property.
 

 In the case of
 
 Lewis
 
 v.
 
 Ebersole, supra,
 
 the Supreme Court of Alabama took the view that where the bailed property was shown to have been lost by fire or theft the bailee’s duty was discharged, thereby requiring the bailor to prove that the fire or theft was the result of bailee’s negligence. In the case of
 
 Sandler
 
 v.
 
 Commonwealth Station Co., supra,
 
 the Supreme Judicial Court of Massachusetts took substantially this same position. These two cases represent the minority view.
 

 That is the view which the appellant urges upon this court in his brief. He asserts:
 

 “In the case at bar plaintiff explained the loss of the automobile, and the explanation was entirely consistent with due care on the part of the defendant. Plaintiff alleged no negligence and proved none. It is simply a case of insufficient proof by the plaintiff to sustain a verdict or judgment in its favor.”
 

 That statement is not entirely accurate. We have
 
 *286
 
 pointed out tliat the reply failed to deny the allegation of the answer that the vehicle “w.as removed from said parking lot by a person or persons unknown to defendant and without the knowledge or consent of defendant or his employees in charge of said parking lot,” and, by reason of the failure to deny that allegation, it became an admitted fact in the cáse.
 

 Did this admitted fact furnish a sufficient explanation upon the part of the bailee to entitle him to judgment in the absence of additional proof on the part of the bailor of negligence or want of due care?
 

 The rule supported by the weight of authority may be stated thus: A bailee may ordinarily rebut the presumption of negligence or lack of due care by proof of loss arising from theft or fire. Where, however, the bailee proves loss of the bailed article by theft but attempts no explanation of the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not rebut the presumption of negligence arising from his failure to return the bailed property. See Brown on Personal Property, 330, Section 87; 8 Corpus Juris Secundum, 348, Section 50; 6 American Jurisprudence, 452, Section 372, and cases cited.
 

 The cases which establish the majority rule may be divided into two general classes. (A) Those which hold that where the bailor proves delivery of the property to the bailee in good condition and the failure.to redeliver upon legal demand, the burden of proof shifts to the bailee to prove that he exercised due. care to prevent loss of the property. This is the rule adopted in Michigan, Minnesota, Kentucky, Louisiana, Nevada, New Jersey, Montana, Illinois, New York and Nebraska. See
 
 Zanker
 
 v.
 
 Cedar Flying Service Inc.
 
 (Minn.), 7. N. W. (2d), 755;
 
 General Exchange Ins. Corp.
 
 v.
 
 Service Parking Grounds, Inc.,
 
 254 Mich., 1, 235 N. W., 898;
 
 Tatro v. Baker-Fisk-Hugill Co.,
 
 215
 
 *287
 
 Mich., 623, 184 N. W., 449;
 
 Threlkeld
 
 v.
 
 Breaux Ballard, Inc.,
 
 296 Ky., 344, 177 S. W. (2d), 157;
 
 Dennis
 
 v.
 
 Coleman’s Parking & Greasing Co., supra; Rothschild & Co., Inc.,
 
 v.
 
 Lynch,
 
 157 La., 849, 103 So., 188;
 
 Donlan v
 
 .
 
 Clark,
 
 23 Nev., 203, 45 P., 1;
 
 Manson
 
 v.
 
 Pullman Palace Car Porters’ & Ry. Employees’ Beneficial Assn.
 
 (N. J.), 60 A., 1120;
 
 Shropshire
 
 v.
 
 Sidebottom,
 
 30 Mont., 406, 76 P., 941;
 
 Cumins
 
 v.
 
 Wood,
 
 44 Ill., 416, 92 Am. Dec., 189;
 
 Beardslee
 
 v.
 
 Richardson
 
 (N. Y.), 11 Wend., 25, 25 Am. Dec., 596;
 
 Sulpho Saline Bath Co.
 
 v.
 
 Allen,
 
 66 Neb., 295, 92 N. W., 354. (B) Those which hold that where the bailor proves delivery of the property in good condition to the bailee and the failure to redeliver upon legal demand, the burden of going forward with the evidence shifts to the bailee and he must offer evidence sufficient at least to counterbalance the presumption or inference of negligence or want of due care arising from his failure to redeliver. This is the rule adopted in North Carolina, Arkansas, Idaho, Oklahoma, Iowa, Texas, Tennessee, and by the Supreme Court of the United States. See
 
 Trustees of Elon College
 
 v.
 
 Elon Banking & Trust Co.,
 
 182 N. C., 298, 109 S. E., 6;
 
 Falls
 
 v.
 
 Goforth,
 
 216 N. C., 501, 5 S. E. (2d), 554;
 
 Walters
 
 v.
 
 Sanders Motor Co.,
 
 229 Iowa, 398, 294 N. W., 621;
 
 Hanes
 
 v.
 
 Shapiro & Smith,
 
 168 N. C., 24, 84 S. E., 33;
 
 Hornor Transfer Co.
 
 v.
 
 Abrams,
 
 150 Ark., 8, 233 S. W., 825;
 
 Cluer
 
 v.
 
 Leahy,
 
 44 Idaho, 320, 256 P., 760;
 
 English
 
 v.
 
 Traders’ Compress Co.,
 
 167 Okla., 580, 31 P. (2d), 588;
 
 Wheeler
 
 v.
 
 Packard Oklahoma Motor Co.,
 
 169 Okla., 272, 38 P. (2d), 943;
 
 Hislop
 
 v.
 
 Ordner, 28
 
 Tex. Civ. App., 540, 67 S. W., 337;
 
 Commercial Molasses Corp. v. New York Tank Barge Corp.,
 
 314 U. S., 104, 86 L. Ed., 89, 62 S. Ct., 156;
 
 Noel & Co.
 
 v.
 
 Schuur,
 
 140 Tenn., 245, 204 S. W., 632.
 

 We think that the most logical rule is that stated by the United States Supreme Court in the
 
 Commercial Molasses Corp. case, supra,
 
 to wit:
 

 
 *288
 
 ‘ ‘ The burden of proof in such a case [bailment] does not shift with the evidence, but remains with the bailor, who must prove his case by a preponderance of the evidence.”
 

 At least that is the rule more nearly consistent with previous pronouncements of this court upon the subject of the burden of proof. 17 Ohio Jurispi’udence, 140 and 141, Section 112, and cases cited.
 

 It is therefore our conclusion that in an action brought by a bailor against a bailee for hire, a
 
 prima facie
 
 case is established where the bailor proves delivery of the bailed property in good condition and the failure of the bailee to redeliver upon legal demand. Upon proof of such state of facts the burden of proceeding with the evidence shifts to the bailee to explain his failure to redeliver, and where the bailee proves loss of the bailed property by theft but attempts no explanation of'the circumstances and offers no proof of facts from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from his failure to redeliver. The burden of proof remains upon the bailor to prove by a preponderance of all the evidence that the bailee was guilty of negligence or failure to exercise due care.
 

 Finally, appellant claims that plaintiff cannot maintain an action for breach of contract for the reason that the bailor did not tender the parking fee at the time she made demand for return of the vehicle. When it developed that the vehicle was gone it was unnecessary to make tender as a condition precedent to her right of action. The law does not require the doing of a vain thing.
 

 The Court of Appeals did not err in reversing the
 
 *289
 
 judgment of the Municipal Court and the judgment of the reviewing court should be and hereby is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman, Williams and Turner, JJ., concur.