## SCHULZE et al. v. ALLISON.

No. 33913. Dec. 26, 1950.

Rehearing Denied Feb. 20, 1951.

*227 P. 2d 658.*

· Dudley, Duvall & Dudley, Oklahoma City, for plaintiffs in error.

Grigsby & Eberle, Oklahoma City, for defendant in error.

JOHNSON, J. This action was brought by plaintiff, M. F. Allison, against the defendants, James E. Schulze and Madeline Schulze, d/b/a Terminal Auto Park, for damages to plaintiff's automobile.

The parties herein will be referred to hereafter as they appeared in the trial court.

The plaintiff alleged in his petition that he parked his 1937 model LaSalle 4-door sedan automobile in the parking lot of defendants at 308 West Grand avenue in Oklahoma City, Oklahoma, at about 7:57 p.m. May 16, 1947, for a consideration, and that he returned for the automobile about 10:40 p.m.; that the car was not found by the attend-

ant of the parking lot who was the agent and employee of defendants, but was later found about 11:00 p.m. in another part of the city in a damaged condition; that the damage to the automobile was $400, and that it cost $16 towage to bring it in, and plaintiff prayed judgment against the defendants for $416.

The defendants filed an answer admitting that plaintiff parked his automobile in their parking lot; that it was not found upon plaintiff's return for it, but was later found in a damaged condition in another part of the city. Defendants further alleged that they maintained and operated their parking lot in the usual and customary manner, and that they maintained competent employees to park the automobiles; that reasonable precautions were taken to enclose their parking lot, and that their agents and employees maintained reasonable watch and control over the cars placed there; that they conducted the parking lot in a careful and prudent manner and were not guilty of any negligence, and therefore not liable to plaintiff for the damage to his automobile. The defendants further alleged that the automobile was stolen by some means unknown to them, and that it was damaged by the sole negligence of the persons who stole the automobile, which persons were alone liable to plaintiff for the damage.

A jury was waived, and the case was tried to the court. At the conclusion of all the evidence the trial court rendered judgment for plaintiff for $416 and costs. From this judgment, the defendants appeal.

The defendants contend generally that the evidence was insufficient to sustain the judgment. The defendants admit that the transaction constituted a bailment for hire, but contend that they are liable only for negligence or failure to use ordinary care in preserving the bailed property and to return it in as good condition as when received. 15 O. S. A., §§465 and 466.

It is the duty of the bailee in a contract of bailment for hire to exercise due care to prevent loss of or damage to the bailed property, and for failure to exercise such care the bailee is liable for any resulting loss or damage. Where the bailee fails to redeliver the property upon a legal demand therefor, a right of action accrues in favor of the bailor. It is generally recognized under such circumstances that the bailor may bring an action based upon breach of contract or upon negligence. 4 Am. Jur., Bailments, §§368 and 369. In the instant case the bailor did not allege negligence, but did allege and prove, upon the question of defendants' liability as bailees, that the vehicle was delivered to defendants in good condition on the 16th day of May, 1947, at 7:58 p.m., and a claim check was issued therefor, and about 10:30 p.m. on the same day the bailor returned and demanded the vehicle, and it then developed that it was gone.

The defendants contend that they explained the loss of the bailed property and overcame plaintiff's prima facie case, and thereby shifted the burden of proof to the plaintiff, which he failed to sustain; that their evidence in explanation of the loss of the car showed that the car was stolen without their knowledge, asserting that such explanation was entirely consistent with due care on the part of the defendants.

When the fact of bailment and the return of the bailed property in a wrecked condition was admitted, the burden then shifted to the defendants to show a cause for the wreck which did not result from their failure to use ordinary care. Wheeler v. Packard Oklahoma Motor Co., 169 Okla. 272, 38 P. 2d 943; Agricultural Ins. Co. v. Constantine, 144 Ohio St. 275, 58 N. E. 2d 658. And in determining the question of failure to use ordinary care arising from bailee's failure to redeliver, their explanation of the circumstances surrounding such failure and any evidence offered to rebut such ex-

planation, all should be considered and weighed by the trier of the facts.

It is further contended by the defendants that they are not liable for the damage to the car because the damage to it was the proximate result of the negligence and want of care of the thief.

The evidence disclosed that the defendants had only one attendant on duty on the night of the theft who was required to park and deliver cars of customers from four different connecting parking lots; that while this attendant ate lunch the lots were accessible to thieves; that when the attendant was in one parking lot parking or removing a car to deliver it to a customer, the remainder of the lots were also accessible to thieves. And as to plaintiff's car, it was undisputed that the attendant moved it to make way for another car to go out of the lot; that he parked it near a big gate which the attendant admitted was open at least a part of the time, and that he remembered parking plaintiff's car near it, and that he left the keys of the car either in the ignition or over the visor.

There was ample evidence upon which the trial court might find, as it did, that defendants had failed to use reasonable and ordinary care for the preservation of the property.

The operator of a public parking lot as bailee for hire for the parking of automobiles for customers must exercise due care to return bailed property in as good condition as when received. 15 O. S. A. §441 et seq.

The criminal act of a third party which results in the loss of the subject of bailment by theft does not relieve the bailee from liability under his obligation if he should have apprehended and guarded against the occurrence of such act and failed to do so; and the fact that such loss, but for the acts of the thief, or third party, would not have resulted, does not prevent a causal relation between the defendants' failure to use ordinary care and the loss of or damage to the property. 6 Am. Jur., Bailments, §§376 and 379; Am. Law Inst. Restatements, Torts, §499. And where, as a result of the negligence or failure to use ordinary care by a bailee for hire, the property bailed is stolen, such "negligence," or "failure to use ordinary care" is the proximate cause of damage to the property while in the hands of the thief.

In an action at law, where a jury is waived, the judgment of the trial court, in the absence of prejudicial error, will be sustained by this court if there is any competent evidence tending to support it. Record examined, and held, evidence sustains the judgment.

Affirmed.