### WHITLOCK et ux. v. TRAMMELL.

#### No. 15231.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 16, 1951.

Rehearing Denied March 16, 1951.

Jack C. Burroughs, Dallas, for appellants.

Smithdeal, Lefkowitz & Green and Shook & Shook, all of Dallas, for appellee.

CULVER, Justice.

Appellant, Jack Whitlock and wife, brought this suit against appellee, J. W. Trammell, alleging that they had made a verbal bailment contract, by the terms of which, for a consideration, Trammell was to receive and use a large commercial trailer belonging to appellants, while the appellant Whitlock was making a trip to California, and that upon his return the truck was redelivered to him in a damaged condition. The appellee answered by a general denial.

Upon the trial, appellee maintained that he made no such agreement, that the trailer was never delivered to him and that he had nothing to do with it, sharply disputing the testimony of appellants. Witness Tucker, who, at the time of the disputed transaction, occasionally hauled produce for the appellee and at the time of the trial was the employee of the appellee, testified that he was the one who made the bailment contract with appellants and that the trailer was wrecked in Arkansas while his (Tucker's) brother was hauling a load of produce for Tucker.

The following issue was propounded to the jury which was answered in the affirmative: "Do you find from a preponderance of the evidence that on or about December 12, 1948, plaintiffs and defendants made an agreement whereby plaintiffs loaned to defendant the trailer involved herein for a period of ten days to be returned at the end of that period in the same condition it was then in, except for general wear and tear." Only two other issues were submit-

ted, which inquired as to the market value of the trailer before and after the damage. The effect of the jury's answers to these two questions was that the trailer had been damaged to the extent of $2500.00. Thereafter the trial court rendered judgment "non obstante veredicto" for appellee, from which judgment appellants prosecute this appeal. We are of the opinion that the verdict of the jury is supported by the evidence.

The points of error and counterpoints brought forward raised the following controlling questions, namely: (1) Where property has been delivered to appellee and returned in a damaged condition, is it incumbent upon the bailor, in order to recover his damages, to do more than allege and prove the agreement, delivery to the bailee, and return of the property in a damaged condition? (2) Is it necessary for the bailee, under such circumstances, to account for the damage and show that the property was damaged in some way or by some cause which is consistent with the exercise of ordinary care on his part? (3) If the first question is answered in the negative and the second in the affirmative, then has the appellee Trammell in this case discharged the burden of showing that the damage to the trailer was due to causes consistent with due care on his part? It must be conceded that there is some confusion among the authorities on this question. Many cases have been cited by the parties in their briefs. The Texas cases seem to hold that where the bailee pleads and proves that the failure to re-deliver the property in good condition is accounted for by fire or theft, such causes are "consistent" with due care on his part, and the burden is then cast upon the bailor of proving that the fire or theft was occasioned by the negligence on the part of the bailee. Mustang Aviation, Inc., v. Ridgway, Tex.Civ.App., 231 S.W.2d 677; Leonard Bros. v. Standifer, Tex.Civ.App., 65 S.W.2d 1112; Exporters' & Traders' Compress & Warehouse Co. v. Schulze, Tex. Com.App., 265 S.W. 133. The rule announced in the foregoing cases does not seem to apply in such a situation as we have in the instant case. Fire and theft seem to be regarded, by the nature of things, as creating somewhat of a mystery, while on the other hand, an automobile collision on the highway does not ordinarily result if the operator is using a reasonable degree of caution. In Carothers v. Moore, Tex.Civ. App., 183 S.W.2d 987, 988, involving an automobile damaged while on a parking lot, the court says: "The rule in such cases is that, after the bailor makes the necessary allegations, the burden devolves upon the bailee to defend by showing that the property was not injured by his negligence." In Skrobarcek v. Raborn Chevrolet Co., Tex. Civ.App., 45 S.W.2d 1110, the court holds: "he (the bailor) was required to show only the bailment and the injury to the car while in the possession of appellant in order to make a prima facie case against the latter. * * * Upon such allegations and proof the burden rested upon the bailee to show that the injury did not result from his negligence." In 8 C.J.S., Bailments, § 50, p. 342, it is said: "The rule adopted in other and the more modern decisions is that the proof of loss or injury establishes a sufficient prima facie case against the bailee to put him on his defense; and hence, where chattels are delivered to a bailee in good condition and are returned in a damaged state, or are lost or not returned at all, the law presumes the bailee's negligence or other fault to be the cause, and casts on the bailee the burden of showing that the loss was due to other causes consistent with due care on his part," citing cases from twenty-eight states, including the two Texas cases referred to above, Leonard Bros. v. Standifer and Skrobarcek v. Raborn Chevrolet Co.

Probably a more accurate and exact statement of the law applicable to the facts of this case is to be found in Vol. 6, Amer.Jur., p. 319: "Generally, however, it may be said that the bailee is liable for the goods absolutely in such a case, unless they have been lost or destroyed through no fault of his own. So far as the particular duty under discussion is concerned, it is erroneous to say that a bailee is liable for negligence. He is liable for not delivering the subject of the bailment, but is excused if it has been lost without fault or want of care on his

part." To the same effect see 8 C.J.S., Bailments, § 37, p. 304.

No evidence was introduced as to the cause of the "wreck in Arkansas" and no attempt was made by the defendant to explain the cause of the damage or exonerate himself from want of care.

 We agree substantially with appellant in his assertion that appellee rested his entire defense on the theory that he did not make the bailment contract, that he did not receive the trailer or have anything to do with it. The testimony as to the accident causing the damage to the trailer was incidental and for the most part hearsay. Appellee in his counterpoints says, (1) delivery of the trailer to him was not proven; (2) that from the uncontradicted evidence the trailer was damaged while in the possession of others, and, (3) that proof showed that appellee was not guilty of negligence. The finding of the jury "that an agreement was made whereby plaintiff loaned to the defendant the trailer," we think in effect established two facts, ·(a) that an agreement was made, and (b) pursuant to that agreement the trailer was delivered to the appellee. In that connection we point out that appellant testified that he left the trailer in front of Brett McCullough's place, saying, "Mr. Trammell told me to leave it over there and he would pick it up." Quoting from 54 C.J.S., Loan, p. 656, "One of the elements of a loan is delivery, a loan transaction implying that a thing is delivered to another, that it is delivered to another for use; * * *." See cases cited in text. No exception to the form of the special issue was brought forward and there was no counter assignment of error on the ground that the issue was multifarious. The evidence is uncontradicted that the trailer was damaged while in the actual possession of some one other than the appellee and the only testimony on the point is to the effect that the driver of the truck and trailer was not an employee of the appellee nor working for him at the time. Nonetheless the jury having found that the contract of bailment was made and the trailer delivered to the appellee, as we construe

the effect to be of their answer to the special issue, we are bound to infer that the witness Tucker obtained the trailer with the consent and permission of the appellee. Vol. 2, Tex.Jur., 10 year Supp., p. 304, reads: "On the contrary, where chattels are delivered to a bailee in good condition and are returned in a damaged state, * * * the law presumes the bailee's negligence or other fault to be the cause, and casts upon the bailee the burden of showing that the loss was due to other causes *consistent* with due care on his part. Stated in another way, proof, which is not otherwise qualified, of delivery to a consenting bailee * * * and of return of property in a damaged condition, makes a prima facie case for the bailor, shifting the burden of proceedings to the bailee." See cases cited in text. We are of the opinion that mere proof that the trailer was damaged in a "wreck in Arkansas" is not a sufficient showing of a loss due to causes "consistent with due care" on the part of appellee. Such an explanation would add little information to that already possessed by the appellant as he in all probability realized when he saw the trailer in its damaged condition that it had been "in a wreck." It is said in Wheeler v. Packard Oklahoma Motor Co., 169 Okl. 272, 38 P.2d 943, 945, "when the plaintiff established the fact of the bailment (of an automobile) and [its return] in a wrecked condition, it then became the duty of the defendant [bailee], in order to relieve himself of liability, to show a cause producing the injury which prima facie did not arise or result from or operate on account of a want of ordinary care on his part. * * *" This is even true in the case of a gratuitous bailee and certainly in the instant case, under the facts before us it must be concluded that the bailment was for the mutual benefit of both parties. It is held in Thomas v. Hackney, 192 Ala. 27, 68 So. 296, "Where a gratuitous bailee of an automobile merely showed that the car was injured in a collision, the owner is entitled to damages, since the burden was on the bailee to show that he exercised the slight care required of him." Inasmuch as the bailee re-delivered the trailer in a damaged condition and

failed to go forward with some proof that would refute the implication of negligence, Nicholson Transit Co. v. Nicholson-Universal S. S. Co., 6 Cir., 60 F.2d 90, we hold that the judgment of the trial court must be reversed and judgment rendered for the appellant.