### PARKADE CORP. v. LOCKE.
No. 35679.

Supreme Court of Oklahoma.
June 30, 1953.

Rehearing Denied Sept. 15, 1953.

Max G. Cohen, Tulsa, for plaintiff in error.

Joe N. Shidler, Gordon L. Patten, Tulsa, for defendant in error.

DAVISON, Justice.

By this action, Paul C. Locke, as plaintiff, sought recovery from the defendant, Parkade Corporation, for damage to his automobile resulting from the alleged negligence of defendant's employees to whom plaintiff had delivered his car for parking in defendant's parking garage. The parties will be referred to as they appeared in the trial court.

After one of defendant's employees had taken possession of plaintiff's car on the afternoon of November 29, 1950, at defendant's parking garage in the City of Tulsa, Oklahoma, and was driving it up a ramp to an upper floor, another employee, driving down the ramp, ran into and extensively damaged plaintiff's automobile. Plaintiff filed this action to recover for the damage done to the car in the amount of $266.91, and for loss of use of the same, being rental, for the hiring of a rent car to carry on his business, while it was being repaired, amounting to $86.50. The case was tried to a jury, whose verdict was for plaintiff in the sum of $353.41. From the judgment

rendered thereon, this appeal has been perfected.

Plaintiff's cause of action was predicated upon the alleged negligence of defendant's employees and the position taken by defendant is best outlined by its answer which was as follows:

"1. The above named defendant for its amended answer to petition of plaintiff denies each and every allegation contained in said petition, except such allegations as may hereinafter be expressly admitted.

"2. Defendant admits that it is a corporation, as alleged in the petition, and that it received from plaintiff the automobile for parking.

"3. Defendant states that said automobile was damaged while in its possession and immediately offered to repair and place the automobile in as good condition as before the damage. In furtherance and for the performance thereof defendant employed and made an agreement with a reputable and responsible automobile repair concern to make the necessary repairs and place the automobile in as good condition as before the damage. Said concern had agreed to make the necessary repairs for the sum of One Hundred Forty-seven Dollars ($147.00) and complete same within two (2) days. In addition to the procuring of such repairs, defendant offered to plaintiff the use of an automobile during the time required for the making of the repairs.

"4. Defendant was prevented from carrying out and performing the offer to repair said automobile by the acts and conduct of plaintiff and the acts and conduct of others who were in privity in contract and interest with plaintiff in the repair of the damage to said automobile. Plaintiff and the parties who were in privity in contract and interest with plaintiff would not permit defendant to have the repairs done in accordance with its offer and agreement, but instead took said·automobile from defendant and without any knowledge, agreement or consent of defendant had the repairs done and made at a greater cost and at greater delay than would have been incurred if defendant had been permitted to carry out its arrangement for the repair of the damage. Plaintiff refused the aforementioned offer of defendant for the use of an automobile.

"5. Defendant, under the agreement of bailment of said automobile, had the right to possess said automobile for the purpose of procuring the repair of said automobile and thereby perform the terms of the agreement of bailment on the part of this defendant. Plaintiff and said parties in privity in contract and interest with plaintiff, in violation of the agreement of bailment, took, or caused said automobile to be taken, from defendant and thereby denied defendant the right to procure the repair of said automobile and prevented defendant from performing the agreement of bailment then existing between plaintiff and defendant."

There are several fallacies in the argument in support of defendant's contentions. The delivery of the automobile to defendant through its agents constituted a bailment for the benefit of the plaintiff, the bailor. It was the duty of defendant, upon demand to return the car. 15 O.S.1941 § 447. It was his further duty to "exercise due care to return [the] bailed property in as good condition as when received." Schulze v. Allison, 204 Okl. 147, 227 P.2d 658, 660. In a "suit for damages on account of injuries to a car intrusted to the defendant under a contract of bailment, the measure of damages was the difference between the value of the property before and the value after the injury." Schroer v. Cole, 50 Ga.App. 472, 178 S.E. 312, 313. It was further said in the case of Schulze v. Allison, supra, that:

"It is the duty of the bailee in a contract of bailment for hire to exercise due care to prevent loss of or damage to the bailed property, and for failure to exercise such care the bailee is liable for any resulting loss or damage. Where the bailee fails to re-

deliver the property upon a legal demand therefor, a right of action accrues in favor of the bailor. It is generally recognized under such circumstances that the bailor may bring an action based upon breach of contract or upon negligence. * * * "

■ The rule of law applicable to the measure of damages, as quoted from the case of Schroer v. Cole, supra, is applicable in this jurisdiction in situations where the property is so badly damaged that it cannot be repaired. Where, however, as here, it can be repaired, the rule is:

"The measure of damages for injury to personal property that can be repaired is the cost of repair and the value of its use necessarily lost pending repair." Weleetka Light & Water Co. v. Northrop, 42 Okl. 561, 140 P. 1140; Marland Refining Co. v. Duffy, 94 Okl. 16, 220 P. 846, 35 A.L.R. 52.

■■ Thus, defendant was in error in its assertion that it was entitled to the possession of the property until the repairs were made. The bailment was terminated with the demand for possession by the plaintiff. At that time, the defendant's right to possession of car was at an end and plaintiff was entitled to have the car delivered to him in as good condition as when placed in the hands of the bailee. When it could not be delivered in that condition, plaintiff, nevertheless, was entitled to its possession and the defendant was liable for damages resulting from the negligence of its employees and the measure of such damages was as hereinabove outlined. Defendant's contention that the measure of damage was the amount for which it could have had the repair made is also erroneous. Evidence of that amount was proper for the jury's consideration in fixing the amount of recovery but it was, in no way, conclusive. Another fallacy in defendant's argument is that, as outlined in the case of Schulze v. Allison, supra, the action could be founded upon breach of contract of bailment or upon tort for damages resulting from negligence. Plaintiff chose the latter course. Defendant's contention that negligence was not part of the case and therefore instructions of the trial court to the jury should not have included it, is untenable.

■ Defendant further complains of the admission in evidence of the invoice and bill of repairs which plaintiff had made on the automobile because of the inclusion therein of additional repairs not occasioned by the collision. However, those additional charges were explained to the jury and no effort was made to recover for them. The evidence on amount of damage suffered was in harmony with the rules of law in the cases above cited dealing with the measure of damages in such instances.

■ Also, defendant urges that the trial court erred in striking from the original answer, allegations that Calvert Fire Insurance Company played some part in preventing defendant from repairing the damage. We can see no reason for such allegations nor their relevancy to the issues. The trial Court was correct in its action in connection therewith. The case was properly presented to a jury under proper instructions and its verdict which is supported by competent evidence will not, therefore, be disturbed.

The judgment is affirmed.