**PARKADE CORPORATION, Plaintiff in Error,**

v.

**Lowell B. CHEHOCK, Defendant in Error.**

**No. 37538.**

Supreme Court of Oklahoma.

June 25, 1957.

**934**

Sanders & McElroy, Tulsa, for plaintiff in error.

Wm. P. Huckin, Jr., Dickson M. Saunders, Doerner, Rinehart & Stuart, Tulsa, for defendant in error.

JOHNSON, Justice.

Parties will be referred to as they appeared in the trial court.

Plaintiff, Lowell B. Chehock, brought an action against the Parkade Corporation for breach of contract of bailment for hire. The trial resulted in a jury verdict in favor of plaintiff, and the trial court rendered judgment accordingly, resulting in this appeal.

The facts upon which this action is based are substantially as follows: The defendant operates a parking garage in Tulsa, Oklahoma. The plaintiff stored his automobile in the defendant's parking garage, for which he was charged a fee. Doyle Hayes, an employee of defendant, went to the ninth floor level to get a car for another customer. The plaintiff's car was parked in front of the customer's car. Hayes moved plaintiff's car so as to get the other car out. The attendant testified that he drove the plaintiff's car four or five miles an hour to park on the other side of the aisle, and when he applied the power brakes to the plaintiff's car they failed to operate, and the car jumped over a 6-inch vertical curb and became lodged between the ceiling and a curb of another level. There is now no question about the resulting damages. However, it was shown that the emergency brakes were in good mechanical condition but were admittedly not used by the attendant. It was also shown that the car was driven only 32 feet forward, yet it was driven with such force that it jumped over a 6-inch vertical curb, and in striking the curb bounced so high that the hood ornament was knocked down into the car when the hood struck the top of the concrete roof. The defendant's manager admitted on cross-examination that in the normal course of operation cars would not go over the 6-inch curb.

Defendant presents error under three propositions.

It is first contended that "(T)he court erred in failing to hold that in an action by a bailor against a bailee for damage to an automobile during bailment when the bailor fails to introduce any evidence establishing negligence of bailee, after the legal presumption of negligence has been destroyed by the introduction of evidence of the bailee, that a judgment should be entered for the bailee."

There was ample evidence upon which the jury could find that the accident was due to other factors demonstrating that the defendant failed to use ordinary care for the preservation of the property of the plaintiff. This contention, therefore, is without merit.

Defendant's second proposition that "(T)he trial court erred in placing the burden of proof upon the defendant and in giving instruction No. 4." is without substantial merit. An examination of this instruction does not show that the final burden of proof was placed upon the defendant. The instruction merely told the jury that when the plaintiff had made a prima facie case it was then the duty of defendant to show that the loss was not occasioned by its negligence and that it had used ordinary and reasonable care in the handling of the automobile while in its custody; that unless defendant had met this burden, then the verdict should be for the plaintiff for the reasonable costs of all repairs necessary to put the automobile in the same condition as it was before the damage, or as nearly as it may be placed in the same condition.

When the fact of bailment and the return of the bailed property in a dam-

aged condition was shown or admitted, the burden then shifted to the defendant to show a cause for the damage to plaintiff's car which did not result from its failure to use ordinary care. Schulze v. Allison, 204 Okl. 147, 227 P.2d 658, and cited cases.

We think that under the facts in this case the jury was warranted in finding that the defendant's employee was negligent and did not use ordinary and reasonable care in handling plaintiff's car; therefore, there was no error. Schulze v. Allison, supra.

Defendant's third and last proposition is that "(T)he trial court erred in copying and reading the pleadings to the jury as formulating the issues, and the failure of the court to properly instruct the jury constitutes fundamental and reversible error."

We have carefully reviewed the instructions given and conclude that when considered as a whole, they fairly submitted the issues and were not misleading to the jury. The court instructed the jury that the statement of facts taken from the pleadings did not constitute any of the evidence in the case; that they were only to consider as evidence the sworn testimony of witnesses as adduced from the witness stand, and charged them to consider that evidence under the court's instructions, including an instruction that in arriving at their verdict they were not to single out any particular instruction or paragraph of any instruction given therein, but were to consider the instructions as a whole, and in so doing endeavor to arrive at a just and true verdict under all the instructions and evidence in the case. The court in his general instructions clearly covered the issues involved in the case.

In Newton v. Allen, 67 Okl. 73, 168 P. 1009, we held that the incorporation of the petition and answer in the court's instructions was not prejudicial error where in other paragraphs of the court's charge he defined to the jury what the issues were between the litigants, and that a judgment would not be reversed merely upon the grounds that the court set out the pleadings in full in his instructions to the jury unless it was made to appear that the rights of the parties were prejudiced thereby.

From our examination of the record we are unable to find any errors substantially affecting or prejudicing defendant's rights.

Judgment affirmed.