Joe MEYER, doing business as Tulsa County Airport, Plaintiff in Error,

v.

Joe MOORE and Wallace Moore, Defendants in Error.

No. 37843.

Supreme Court of Oklahoma.

June 24, 1958.

Rehearing Denied Sept. 9, 1958.

R. M. Cowen, Tulsa, for plaintiff in error.

Hughey Baker, Tulsa, for defendants in error.

CARLILE, Justice.

Joe Moore and Wallace Moore instituted this action against Joe Meyer, doing business as Tulsa County Airport, and Frank Sellmeyer to recover damages for injuries to an airplane owned by plaintiffs. A demurrer by the defendant, Sellmeyer, to plaintiffs' evidence was sustained and no appeal was taken from the ruling. A demurrer by the other defendant, Joe Meyer, to plaintiffs' evidence was overruled. The case was tried to a jury and resulted in a verdict for plaintiffs for the sum of $362.50, and judgment was entered accordingly. Motion for a new trial was denied and the defendant Meyer appealed. The parties will be referred to as they were in the trial court.

The amount of damage awarded plaintiffs is not questioned, but the right to recover any damage is denied. Material parts of the record are substantially as follows:

The defendant, Joe Meyer, doing business as Tulsa County Airport, operated an airport, of which Ray Carter was manager, at which ground space was available for rental to the owners of airplanes for parking or storing their planes, being commonly known as "tie-downs", in effect, a parking lot for airplanes where chains attached to concrete blocks embedded in the ground are available for attachment to the planes, one chain for each wing and one for the tail portion. The plaintiffs availed themselves of the service and stored or parked their Aeronca Model airplane, for which they paid a rental of $5 per month. Frank Sellmeyer, owner of a Taylor Craft airplane, also rented space and obtained tie-down service at the airport. The two planes were parked adjoining each other. On the morning of October 24, 1955 the defendant, Sellmeyer, owner of the Taylor Craft plane, directed Bill Christen to remove the plane to the Municipal Airport and Christen, in attempting to remove the Sellmeyer plane, cranked the same and when the motor started the plane swung around and collided with plaintiffs' plane, thereby damaging a wing on plaintiffs' plane.

Plaintiffs alleged in their petition that the collision and damage to their plane was because of the negligence and want of care on the part of each of defendants; that the defendant, Meyer, was negligent in that the said tie-down consisted of a peg of some nature in the ground with chains

extending therefrom to the plane to hold it to the ground; that he had permitted the chains to become rusted, corroded, worn, weakened and dilapidated; that the tie-down on the right wing of the Sellmeyer plane broke, permitting the same to turn into plaintiffs' plane; that the defendant Sellmeyer and Bill Christen were negligent in that Christen started the motor with the accelerator advanced and without anyone being in the cockpit or at the controls; that the defendant, Sellmeyer, was further negligent in that he failed to determine that the tie-downs were worn, weakened and dilapidated, and that he was careless in not sending another person to aid and assist Bill Christen or send a more experienced operator.

Plaintiffs further allege that the damages were caused by the combined negligence of the defendants, and each of them.

The defendant Meyer filed an answer generally denying the allegations of plaintiffs' petition and alleged that he had no knowledge of any defect in the equipment described in plaintiffs' petition. The defendant Sellmeyer filed an answer denying the allegations of the petition and specifically denied that Bill Christen was at the time of the accident acting as his agent, servant or employee. The record shows that at the time of trial Bill Christen was dead and his testimony was not available. He apparently was the only person present when plaintiffs' plane was damaged.

The defendant, Frank Sellmeyer, was called as a witness by the plaintiffs and testified that he went to the airport the day of the accident and inspected the damaged plane and the tie-downs; that he noticed a tie-down chain had broken; that at least half of it had corroded away where it broke; that it broke at the level of the ground.

Ray Carter, manager of the airport where the accident occurred, was called as a witness by plaintiffs and testified that he was in the airport office and heard the motor on the Sellmeyer plane when it was started by the pilot, Bill Christen; that no one was in

the plane and that it swung around into plaintiffs' plane. He was asked to explain the function of the tie-down chains and stated:

"The tie downs are placed there to organize the airplanes in the manner we would like to keep them in; in other words, lined up in a row to secure the airplane in a fixed position against the elements—the wind and shifting around, or blowing them into each other, and of course, if I may put my personal opinion in, the management of the airport just merely provides the chains as a convenience for the people on the field."

He further stated that the owner or pilot of the plane was responsible for tying down his own airplane. He also testified that in August or September preceding the accident in October he had the tie-downs inspected and further testified that at the time of the accident only the left chain was attached to the plane; the tail chain was not attached; that if it had been it would have prevented the forward movement of the plane and avoided breaking the chain; that in the interest of safety it was necessary to have someone in a plane when it is started to keep it under control; that it was not the intent or purpose to provide chains to hold an airplane with the engine running.

The defendant, Joe Meyer, presents his assignments of error under four propositions, the first being as follows:

"This defendant had no duty toward the plaintiffs to provide tie down chains to safeguard against an accident of the type and nature causing the damage herein."

■ We agree with the statement of the defendant in his brief to the effect that the relationship between the parties established a bailment for hire under which it was the duty of defendant to use ordinary care in safeguarding the plaintiffs' airplane during the time it was stored at the airport. 15 O.S.1951 Section 466; Schulze v. Allison, 204 Okl. 147, 227 P.2d 658, 660, and

Parkade Corp. v. Chehock, Okl., 312 P.2d 932, hold:

"The operator of a public parking lot as bailee for hire for the parking of automobiles for customers must exercise due care to return bailed property in as good condition as when received."

The holding and principle of law announced in the above decisions applies to parking lots where airplanes are parked or stored for hire, as in the case at bar. The defendant asserts that plaintiff contracted merely for parking space, that no mention of chains was made nor was there any warranty or representation of the type and character of chains to be furnished; that the tie-down chains were furnished simply as a guard against the elements, principally to keep the plane from being blown around in the open field, and no other duty was assumed in the furnishing of chains. The record shows that the chains in question were described as a heavy duty porch swing chain.

 Our attention is called to the established rule that to constitute actionable negligence there must be a lack of care and involve a breach of duty to the person injured. 65 C.J.S., Negligence §§ 1, 2, pp. 318 and 325. It is urged that no proof was made of a breach of duty to plaintiffs, or lack of ordinary care. We do not agree with the statement and think there was sufficient evidence to warrant submission of the question to the jury. The installation of the tie-down chains was a method adopted by the bailee to anchor and protect the planes while parked at the airport. It was a service furnished airplane owners in addition to the ground space furnished for parking the planes. Having installed the tie-down chains it was the duty of the defendant to use ordinary care to keep them in repair. Whether or not the defendant exercised such ordinary care was a question of fact for the jury.

It is further urged by the defendant that the size of the tie-down chains conclusively shows that it was not designed to sustain the force of an airplane motor, and

that if it had been contemplated that the planes parked on the field were to be safeguarded against injury other than windstorm heavier chains and different facilities would have been provided. Such statement and theory advanced by the defendant is not entirely in accord with the record because the defendant, Joe Meyer, testified in part as follows:

"Q. Do you know what those chains are provided for specifically? A. Yes, to hold the airplanes against the elements, so they won't go rolling against other aircraft, and to keep them spaced apart, so they won't get together and knock the wing tips off, and running into each other.

"Q. Was it designed to prevent the movement of the airpane after the motor is started?

"(Objection overruled)

"Q. It was designed to prevent the movement of an airplane against the operation of the motor? A. Yes, sir.

\* \* \* \* \* \*

"Q. I asked you if the tie-downs were also designed to prevent lunging forward, or the movement of a plane after a motor is started? A. That is true, and had all the chains been tied, I don't believe the airplane would have ever gotten loose, but with the tail wing not tied and the chain is loose, when the motor started, with the terrific impact, that threw the airplane against this chain—the one chain —and it broke and swung the airplane around into this other plane."

Such testimony by the defendant is contrary to the statement and argument advanced by counsel in his brief. We think the evidence as a whole is sufficient to justify and require submission to the jury of the question of defendant's duty to plaintiffs, and the issue of negligence.

 The second and third propositions presented by defendant are that the negligence of Bill Christen was the proximate cause of the accident, and his negligence was an intermediate cause over which de-

fendant had no control or responsibility. Defendant contends that the accident and resulting damage to plaintiffs' plane resulted directly from the negligence of Christen. He was alone at the time of the accident, and as to how and what happened there must be determined chiefly from the physical facts since his testimony was not available. We do not consider the evidence conclusive or sufficient on which to hold, as a matter of law, that the damage shown resulted solely from the negligence of Bill Christen. The defendant cites and relies on text authorities and decisions, among such being the case of Norman v. Scrivner-Stevens Co., 201 Okl. 218, 204 P.2d 277, 278, and City of Okmulgee v. Hemphill, 183 Okl. 450, 83 P.2d 189, which hold:

"* * * If the negligence complained of merely furnishes a condition by which the injury was made possible and a subsequent independent act caused the injury, the existence of such condition is not the proximate cause of the injury."

An examination of the authorities and the opinions in the cited cases shows that the rule relied on does not fit or apply to the evidence and circumstances in the case at bar. The opinion in Norman v. Scrivner-Stevens Co., supra, states:

"Definitions of 'proximate cause' are numerous, but it has been pointed out that it is impossible to lay down a general rule for determining whether causes may be denominated proximate or remote. And, it has been said that the question always must be determined upon the facts of each case, 'upon mixed consideration of logic, common sense, justice, policy and precedent.'"

"When the evidence is conflicting, or when the facts are undisputed, but different minds might reasonably draw different conclusions from them, the question of negligence is always for the jury." Kansas, O. & G. Ry. Co. v. Clark, Okl., 262 P.2d 426, 427.

The case of Yellow Transit Freight Lines, Inc., v. Allred, Okl., 302 P.2d 985, 986, holds:

"Where competent evidence is introduced on the question of negligence from which reasonable men might draw different conclusions, it is one for the jury, and under like circumstances the question of proximate cause is one for the jury. * * *

"In order for an intervening cause to relieve one guilty of primary negligence from liability such intervening cause must have been the direct, sufficient and proximate cause of the injury and must entirely supersede the original act of negligence. If such intervening cause might reasonably have been foreseen as the natural and probable consequence of the condition created by the primary negligence the original wrongdoer will not be relieved from liability."

We think the facts and circumstances shown in the case at bar are sufficient to support a finding by the jury that the defendant and Bill Christen were each negligent and that their combined negligence resulted in the damage to plaintiffs' airplane. The rules of law applicable under such a condition are discussed and announced in the case of City of Altus v. Wise, 193 Okl. 288, 143 P.2d 128, 129, which case holds:

"Where two independent acts of negligence combine to produce an injury, which would not have occurred as the result of either act alone, both acts are the proximate cause thereof and either wrongdoer may be held liable for the entire result."

The same rule as announced in the preceding case was followed and applied in the recent case of Wilson v. Shawnee Milling Co., Okl., 292 P.2d 147.

The fourth proposition presented by defendant is that no actionable negligence was charged or proven against him. The general statements of counsel in support thereof are chiefly a résumé of prior statements and arguments and relate to the sufficiency of evidence and issues properly submitted to the jury.

No objection was made to the instructions given, and no instruction was submitted or requested by defendant. We have considered the instructions given and find them sufficient to submit the issues in the case.

■ "In a law action tried to a jury, this court will not weigh the evidence, but will examine the record to determine whether there is any competent evidence to support the verdict and judgment based thereon. If any competent supporting evidence is found the judgment will not be disturbed on appeal." Yellow Transit Freight Lines, Inc., v. Allred, supra.

Judgment of the Court of Common Pleas of Tulsa County is affirmed.

WELCH, C. J., CORN, V. C. J., and DAVISON, JOHNSON, WILLIAMS and BLACKBIRD, JJ., concur.