Per Curiam.

By the admissions in the pleadings and the stipulations, plaintiff made a prima facie case. It then became the duty of defendants to go forward with the evidence to rebut such case. Since on all the evidence reasonable minds could differ on the question of whether defendants were negligent, it was not the province of the court to arrest the case from the jury and direct a verdict for plaintiff.
The following principle laid down in paragraph six of the syllabus in the case of Agricultural Ins. Co. v. Constantine, 144 Ohio St., 275, 58 N. E. (2d), 658, is applicable here:
“In an action by a bailor for damage by reason of the bailee’s failure to redeliver the bailed property, the burden of proof is upon the bailor to prove that the bailee was guilty of negligence or want of due care. In determining that question, the presumption of negligence or want of due care arising from bailee’s failure to redeliver, his explanation of the circumstances surrounding such failure and any evidence offered to rebut such explanation, all should be considered and weighed by the trier of the facts. To entitle the bailor to prevail the preponderance of all the evidence must support the conclusion that the bailee was guilty of negligence or want of due care.”
The judgment of the Court of Appeals is affirmed.

Judgments affirmed.

Weygandt, C. J., Zimmerman, Stewart, Taet, Matthias, Bell and Herbert, JJ., concur.