BUCKEYE UNION CASUALTY CO., APPELLEE, *v.* CHEVIOT TIRE CO., APPELLANT.

[Cite as Buckeye Union Casualty Co. v. Cheviot Tire Co., 3 Ohio App. 2d 79.]

(No. 9593—Decided June 14, 1965.)

*Messrs. McIntosh & McIntosh,* for appellee.
*Messrs. Bloom, Greene, Thurman & Uible,* for appellant.

BRENNEMAN, J.  This is an appeal on questions of law from a judgment rendered in the Cincinnati Municipal Court, in favor of the plaintiff, Buckeye Union Casualty Company, appellee herein, and against the defendant, Cheviot Tire Company, appellant herein.

Plaintiff brought this action pursuant to a subrogation agreement with its insured, the Klawitter Trucking Company.

(Plaintiff and its insured are hereinafter referred to as plaintiff.)

Defendant was engaged in the business of tire sales and service. One of its regular customers was plaintiff (Klawitter), and over a number of years an established relationship was created between plaintiff and defendant, whereby defendant picked up, by truck, tires, tubes and other paraphernalia, at plaintiff's trucking company, for repair by defendant, for a consideration.

A day, or so, prior to September 17, 1962, defendant picked up at plaintiff's place of business, four truck tires, four tubes and four wheel rims, and transported them to defendant's business establishment for the purpose of making proper repairs, as requested by plaintiff. On September 17, 1962, defendant's entire business establishment was consumed by fire, including the tires, tubes and rims belonging to plaintiff.

Within a reasonable period of time after the fire, plaintiff called defendant and requested the return of its property. Plaintiff was informed that all of its property in the possession of the defendant had been destroyed in the fire. The action in the trial court resulted by reason of the failure of the defendant to return the property of the plaintiff as requested.

In addition to, or as an adjunct to, repairing tires, the defendant buffed and painted the tires. The record discloses that on the date of the fire, two of the defendant's employees were at work in defendant's shop. (Whether other persons were in and out of the shop, is not known.) Each employee testified that he did not know what caused an open gallon bucket of paint and solvent to ignite; but it did ignite, and the disastrous fire loss resulted.

All of the machinery adjacent to the open bucket of paint and solvent was under the control of the defendant. The bucket was beside the tire painting machine operated by defendant's employee, Howard Betts, who testified (as did another employee of defendant, one James Fantetti) that the fire orignated in the bucket of paint and solvent, and the cause of its igniting was unknown to him.

Defendant offered evidence that its machinery was new, or nearly new; that it followed a policy of not permitting its employees to smoke; that "No Smoking" signs were prevalent

throughout the shop; that all machinery was subjected to periodic inspection; that none of the insulation of the motor and switch of the tire painting machine was in disrepair; that all paint and solvent (except that in the bucket in which the fire started) was stored outside the building; and that the shop was cleaned regularly.

Defendant offered no evidence whatsoever as to *how* the paint and solvent ignited, but admitted that the igniting of the paint and solvent was the source of the fire.

Upon these facts, the case was submitted to the trial court, without the intervention of a jury. The trial court found for the plaintiff, and upon special findings of fact, among other things, found the following fact:

"* * * that the fire was caused by the defendant permitting an open container with a highly explosive solvent to remain in close proximity to certain machines used in the operation of repairing tires and inner tubes.

"The defendant gave no explanation of how the fire started, which fire destroyed the entire building and the tires, rims and inner-tubes of the Klawitter Trucking Company."

Defendant's motion for judgment at the close of the evidence was overruled, and judgment was entered for plaintiff.

Defendant assigns five errors, all directed to two questions:

1. Did the defendant overcome a prima facie case of liabilty when defendant showed care in the operation of its business, but failed to show the cause of the fire?

2. Did the trial court err in finding that the fire was caused by defendant permitting an open container of highly explosive solvent to remain in close proximity to certain machines of the defendant, when the only evidence as to the source of the fire was the bucket containing the paint and solvent?

There is no question that the defendant assumed control of the plaintiff's property, and the relationship of bailment was firmly established.

Most modern authorites take the position that a bailor makes out a prima facie case when he proves the loss of his property while in the possession of the bailee, notwithstanding that the proof indicates that the loss was the result of fire. (See 8 American Jurisprudence 2d Section 316 *et seq.*) This position is taken by Ohio courts. The leading case is *Agricultural*

*Ins. Co.* v. *Constantine*, 144 Ohio St. 275. In that case, in paragraphs four and five of the syllabus, the court said:

"4. In an action by a bailor against a bailee based upon a breach of the contract of bailment, where the bailor proves delivery of the bailed property and the failure of the bailee to redeliver upon legal demand therefor, a *prima facie* case of want of due care is thereby established and the burden of going forward with the evidence shifts to the bailee to explain his failure to redeliver.

"5. Where the bailee proves loss of the property by *theft*, but attempts no explanation of the circumstances and offers no *proof of facts* from which an inference of due care may be drawn, he does not thereby rebut the presumption of negligence or want of due care arising from his failure to redeliver." (Emphasis ours in part.)

In the case cited above, the court, in its opinion, stated that the authorities are uniform in holding that proof of delivery of the property by the bailor, and demand for the return of the property, and the failure of bailee to redeliver, makes out a prima facie case, and distinguishes as the minority view the case of *Lewis* v. *Ebersole*, 244 Ala. 200, 12 So. 2d 543; and the case of *Sandler* v. *Commonwealth Station Co.*, 307 Mass. 470, 30 N. E. 2d 389.

The Ohio position is further treated in the case of *Ohio Casualty Ins. Co.* v. *Mariemont Garage, Inc.*, 175 N. E. 2d 749. In that case the facts were quite similar to the instant case. Plaintiff, as subrogee, brought an action for loss, by fire, of an automobile delivered to the defendant, for parking purposes.

The Court of Appeals for Hamilton County, Ohio, in its opinon, treats of the Ohio position with clarity by stating that when a bailor makes a demand upon a bailee for delivery of his property, the failure to deliver raises a prima facie case of neglect on the part of the bailee, and the bailee must then proceed and offer evidence to show that his failure to deliver was not due to his negligence. The offering of evidence as to the methods employed in the furtherance of safety to avoid fires, and the sufficiency of the measures employed, to meet the inference of neglect is a question for determination by the trier of the facts. The presumption of negligence arising from a bailee's failure to redeliver the bailor's property; bailee's explanation

of the circumstances surrounding such failure; and the rebuttal evidence; all of these matters should be considered and weighed by the trier of the facts.

The question as to what constituted a sufficient explanation by a bailee with reference to the loss of the bailor's property while in the bailee's possession, was the very basis of the instant case in the trial court; and such explanation is decisive of the matter herein, as well as a complete answer to the defendant's assignments of error. The defendant admitted the fire started in a gallon bucket of explosive solvent and paint, which was located in close proximity to defendant's machinery, and immediately adjacent to one employee who was operating the machinery. The bucket of solvent and paint, and machinery, were under the sole control of defendant's employee. Defendant offered no evidence to show that it did or did not cause the bucket of solvent and paint to ignite, but did offer evidence of due care in the operation of its business from day to day. Under these circumstances, the decision as to the cause of the fire, and whether the defendant was negligent, were properly matters for the trier of the facts.

Under these circumstances, we are of the opinion that the trial court committed no error prejudicial to the defendant in its conclusions of law, and findings of fact from all the evidence that the defendant did not rebut the presumption of "negligence or want of due care arising from his failure to redeliver." (*Agricultural Ins. Co.* v. *Constantine, supra* (144 Ohio St. 275).

This court finding no other error in the record prejudicial in character, the judgment of the trial court is affirmed.

*Judgment affirmed.*

DOYLE, P. J., and HUNSICKER, J., concur.

DOYLE, P. J., BRENNEMAN and HUNSICKER, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District.