[Cite as *Recker & Assocs. Co., L.P.A. v. Ohio State Dental Bd.*, 2019-Ohio-3678.]

| | |
|---|---|
| FRANK R. RECKER & ASSOCIATES CO., L.P.A. | Case No. 2019-00381PQ |
| Requester | Judge Patrick M. McGrath |
| v. | <u>DECISION AND ENTRY</u> |
| OHIO STATE DENTAL BOARD | |
| Respondent | |

{¶1} Respondent Ohio State Dental Board (Board) objects to "a portion" of a special master's report and recommendation (R&R) issued on July 5, 2019.

## I. Background

{¶2} On March 18, 2019, pursuant to R.C. 2743.75(D), requester Frank R. Recker & Associates Co., L.P.A (Recker) sued the Board, seeking a copy of a consumer survey conducted by the Board relative to dental specialties and alleging a denial of access to public records in violation of R.C. 149.43(B). The court appointed a special master in the cause. The court, through the special master, referred the case to mediation. After mediation failed to successfully resolve all disputed issues between the parties, the Board responded to the complaint and moved to "deny relief to the Requestor, and/or dismiss the Complaint." Because the special master required additional information and documentation from the Board to evaluate the case, the special master ordered the Board to file certain documents under seal.

{¶3} On July 5, 2019, the special master issued a R&R, recommending denial of the Board's motion to dismiss, finding that the Board met its burden to show that the requested survey records fell squarely within the definition of "trial preparation record" as set forth in R.C. 149.43(A)(4), and concluding that Recker failed to establish that requested survey documents were public records subject to disclosure. (R&R, 2, 7, 8-9.) The special master recommended denying Recker's claim for production of records and assessing costs to Recker. (R&R, 9.)

{¶4} On July 17, 2019—seven business days after the Board received a copy of the R&R—the Board, through counsel, filed written objections to the R&R.  The Board represents that it

> does not object to the Special Master's ultimate conclusions, but objects to certain findings regarding the Board's purpose in contracting with an expert consultant to conduct a consumer survey.  Specifically, the Board objects to three underlined findings below:
>
> (1) The statement that, "the Board asserts that it commissioned the survey from which Recker seeks the questions and results for two purposes: first, for use in the ordinary course of a Board-initiated process to revise its special rules, and, second, for use as evidence in reasonable anticipation of civil litigation challenging its decisions in this particular instance." (R&R at 4).
>
> (2) The statement that introductory language in the survey showed a "non-litigation purpose." (R&R at 5.)
>
> (3) The finding that "while the survey questions and responses were not compiled *solely* for the purposes of litigation, the Board presented sufficient evidence that it *specifically* compiled this survey in a novel manner, in conscious and reasonable anticipation of litigation, by contracting with an outside expert instead of through its usual internal process[.]" (R&R at 7.)

(Objections, 1-2.)   In a certificate of service accompanying the R&R, the Board's counsel certifies that she served a copy of the Board's objections on requester by "certified mail."  The certificate of service does not indicate whether a "a return receipt" was requested with the Board's certified mailing.

{¶5} Recker has not filed a timely response to the Board's written objections.

## II. Law and Analysis

{¶6} R.C. 2743.75(F)(2) governs objections to a special master's R&R issued under R.C. 2743.75. Pursuant to R.C. 2743.75(F)(2), either party "may object to the report and recommendation within seven business days after receiving the report and recommendation by filing a written objection with the clerk and sending a copy to the other party by certified mail, return receipt requested. * * * If either party timely objects, the other party may file with the clerk a response within seven business days after receiving the objection and send a copy of the response to the objecting party by certified mail, return receipt requested. The court, within seven business days after the response to the objection is filed, shall issue a final order that adopts, modifies, or rejects the report and recommendation."

{¶7} Upon consideration of the Board's written objections and accompanying certificate of service, the court finds that the Board substantially complied with R.C. 2743.75(F)(2)'s requirements for the filing of objections and service of objections, notwithstanding the Board's failure to indicate in the certificate of service whether its certified mailing included "return receipt requested," as required by R.C. 2743.75(F)(2). Because the Board has substantially complied with R.C. 2743.75(F)(2)'s requirements, the court determines that the Board's written objections are properly before the court.

{¶8} The Board's objections, which take issue with two statements in the R&R and one finding by the special master, collectively challenge the special master's description of the Board's motivation for commissioning the consumer survey. The Board maintains that the evidence does not support a non-litigation reason for the consumer survey. Since the Board's objections are interrelated, the court will consider the objections together.

{¶9} The special master states in the R&R: "In this case, the Board asserts that it commissioned the survey from which Recker seeks the questions and results for two purposes: first, for use in the ordinary course of a Board-initiated purpose to revise its specialty rules, and, second, for use as evidence in reasonable anticipation of civil

litigation challenging its decisions in this particular instance. The opening language of the questionnaire states only that the purpose of the survey is 'to better understand what Ohio residents value and expect in their dental care.'" (R&R, 4.)

{¶10} Even though the special master ascribed a non-litigation motivation for the Board's commissioning of the survey, the Board's objections are of no moment because the special master did find, and the evidence does support the special master's finding, that the requested survey documents "fall squarely within the definition of 'trial preparation record' as set forth in R.C. 149.43(A)(4)" (R&R, 7), and that the Board "has met its burden to show that the requested records are subject in their entirety to the statutory trial preparation exception." (R&R, 8.) *See Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284, 58 N.E.2d 658 (1944) ("[b]y repeated decisions of this court it is the definitely established law of this state that where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof"). As the Ohio Supreme Court stated in *Constantine*: "If the defendant was entitled to judgment at the conclusion of the plaintiff's case, the fact that the trial court based its conclusion upon an erroneous reason is unimportant." *Id.* at 284.

{¶11} Accordingly, for reasons set forth above, the court OVERRULES the Board's objections of July 17, 2019, to the special master's R&R of July 5, 2019. The court adopts the special master's R&R. Judgment is rendered in favor of the Board. Court costs are assessed against Recker.

PATRICK M. MCGRATH
Judge

**Filed August 7, 2019**
**Sent to S.C. Reporter 9/12/19**